McDaniel v. Adams.

McDANIEL v. ADAMS.

(*Jackson.*   June 1, 1889.)

1. SUPREME COURT PRACTICE.   *Question not raised below.   Omission of jurors' names.*

Where no exception is taken in lower court, it is not reversible error, in a civil case, that the names of only ten jurors appeared in entry of verdict and judgment.

2. STOLEN PROPERTY.   *Innocent purchaser's liability.*

Innocent purchaser of stolen property is liable to the true owner for proceeds realized from its sale.

Cases cited and approved: Bank v. Trenholm, 12 Heis., 521 ; Roach v. Turk, 9 Heis., 708.

FROM BENTON.

Appeal in error from Circuit Court of Benton County.

L. L. HAWKINS and S. W. HAWKINS for Mc-Daniel.

ALVIN HAWKINS and T. C. RYE for Adams.

FOLKES, J.   The mule of Adams was stolen, and by the thief sold to McDaniel Bros., who in turn sold it to a stranger.   The purchase and sale by McDaniel was in ignorance of the theft.

McDaniel *v.* Adams.

Adams sues McDaniel Bros. in trover for the conversion of the mule, after having made demand for the mule or its proceeds.

There was verdict and judgment for the plaintiff.

Defendants have appealed in error, assigning two grounds of error.

*First.* That no judgment could be entered on the verdict because the record shows only ten jurors composed the jury. There is nothing in this assignment. There is nothing in the record on the subject, except that in the entry of judgment on the verdict the names of only ten persons are given. So far as the record discloses this may have been an error of the Clerk, or the parties may have consented to try with less than a full jury; or in the absence of consent, if a jury of ten were tendered, and the parties had tried the case without objection, this Court would hold, in a civil case, that the parties had waived the right.

*Second.* The defendants asked the Court to charge the jury that if the defendants had purchased and sold the mule in good faith, and in ignorance of the title of the plaintiff, the plaintiff could not recover. The Court refused to so charge, and such refusal is assigned as error.

There was no error in refusing to so charge.

The defendants acquired no title by their purchase from the thief, however innocent they may have been, and their subsequent sale of the property and their refusal to pay over the proceeds

thereof to the true owner, upon demand, was a conversion of the property of plaintiff. See *Merchants National Bank* v. *Trenholm & Sons*, 12 Heis., 521, where it is held that the bank, which had advanced money upon the pledges by a factor of his principal's goods, was liable in trover to the principal, notwithstanding that the goods had been received in pledge, and sold for payment of the factor's debt in good faith, and in ignorance of the true title.

This case is well supported by authority and principle. See Am. & Eng. Ency. of L., Vol. IV., pp. 107–8–9–10, and cases cited.

In *Roach* v. *Turk*, 9 Heis., 708, overruling *Taylor, Cole & McLeod* v. *Pope*, 5 Cold., 413, it is said that where the defendant has either the property of another wrongfully taken from the true owner, or the *proceeds thereof*, and refuses to surrender same, it is the assertion of an adverse claim, and constitutes a conversion. It is difficult to see how it is any more of a hardship upon the innocent purchaser of property stolen to be held liable for the proceeds of re-sale, than for the property itself. The withholding of the one is as much a conversion as the withholding of the other.

Let the judgment be affirmed.