JOHN R. GODWIN *v.* E. E. TAENZER *et al.*

(*Jackson.* April Term, 1909.)

1. **STOLEN PROPERTY.** Theft of timber does not affect owner's title.

 The owner of timber does not lose his title thereto when the same is feloniously taken or stolen. (*Post, pp.* 103, 104.)

 Case cited and approved: Silsbury v. McCoon, 3 N. Y., 379.

2. **SAME.** Same. Thief's sale of stolen timber does not affect owner's title.

 The thief's sale and transfer of stolen timber does not deprive the original and true owner of his title or right to possession, whether the purchaser be innocent or a guilty participant in the crime. (*Post, pp.* 103, 104.)

3. **SAME.** Same. Same. Owner may recover the indentified timber, or its value in its changed form, from an innocent purchaser from the thief.

 The landowner, whose timber was felled, stolen, and sold by the thief to persons who bought it in good faith and innocently converted it to their own use by the assertion of ownership at the time of the purchase or otherwise, is entitled to recover the possession thereof from such purchasers, if it can be identified, either in its original or changed form or condition, but if such purchasers have appropriated it so that it can be no longer identified or followed in an action for its specific recovery, then the owner is entitled to a recovery against such purchasers for its full value at the moment of its conversion by them, by their such purchase, without any deduction for the value of the labor and time, or of the money expended by the thief or wrongdoer in working the change.

 Cases cited and approved: Ware Co. v. United States, 106 U. S., 432; Silsbury v. McCoon, 13 N. Y., 379; Nesbitt v. Railroad, 21

Godwin v. Taenzer.

Minn., 491; Coal Co. v. Shoe Co., 69 Ark., 302; Everson v. Sel-
ler, 105 Ind., 266; Parker v. Railroad, 81 Ga., 387.
Cases cited, distinguished, and approved: Dougherty v. Chest-
nutt, 86 Tenn., 12; Holt v. Hayes, 110 Tenn., 42.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.
—F. H. HEISKELL, Chancellor.

G. J. MCSPADDEN, for complainant.

CARUTHERS EWING and R. E. KING, for defendants.

MR. CHIEF JUSTICE BEARD delivered the opinion of the
Court.

The question of law raised on the record in this case
is: What is the measure of recovery to which the com-
plainant, from whose land timber has been feloniously
taken, is entitled as against the defendants, who inno-
cently purchased the same from the felon and as inno-
cently converted it to their own use? The contention
of the defendants is that, having bought and appropri-
ated the timber in good faith and without any knowl-
edge of the true ownership, they should be charged
the value of the timber at the place where the trees

were felled from which it was cut, and not its market value at the point where it was delivered to and accepted by them.

It is certain that the complainant did not lose his title to the timber because of the felonious taking.  As was said in *Silsbury* v. *McCoon*, 3 N. Y., 379, 53 Am. Dec., 307 :  "No man can be deprived of his property, except by his own voluntary act, or by operation of law. The thief who steals a chattel, or the trespasser who takes it by force, acquires no title by such wrongful taking.  The subsequent possession of the thief or the trespasser is a continuing trespass, and if during its continuance the wrongdoer enhances the value of the chattel by labor and skill bestowed upon it, as by making logs into boards, splitting timber into rails, making leather into shoes, or iron into bars, . . . the manufactured article still belongs to the owner of the original material, and he may take it, or recover its improved value in an action for damages."  In such an action the felon would not be permitted to reduce the owner's recovery in an action for conversion of his property by showing that his expenditure of labor, time, and money, in either preparing the chattel for or transporting it to market, had enhanced its value.  This being true, we can conceive of no principle upon which the purchaser from the felon should be allowed credit for these expenditures of the felon when called to account by the owner of the stolen chattel.  During the little time it was in the possession of the felon the title of

the true owner remains intact, and this continues to be so at the time of the sale and transfer by him of possession to the purchaser. This is no less true after this transfer, whether the purchaser be innocent or a guilty participant in the crime. However innocent he may be, if the owner identifies the chattel, either in its original or changed condition, he may recover possession from the purchaser, and, if the latter has appropriated it, so that it can be no longer followed in an action, the owner is entitled to a recovery for its full value at the moment of its conversion by the purchaser; and the purchaser's assertion of ownership at the time of his purchase is a conversion no less than that of the wrongdoer from whom he made his purchase. The correct rule in such a case is clearly stated, and maintained on reason and authority, in *Bolles Wooden Ware Co.* v. *United States,* 106 U. S., 432, 1 Sup. Ct., 398, 27 L. Ed., 230. There timber had been wrongfully cut from the lands of the government. The timber on the ground after it was felled was worth only $60.71. It was transported by the wrongdoer to a distant point, and there was sold for $850 to a party who had no knowledge of the wrong that had been committed by his vendor. It was insisted in that case, as in this, by the purchaser, that he could only be called upon to account for the value of the timber at the place where it had been cut. This contention, however, was held to be unsound. The court said, in the course of the opinion:

"The timber at all stages of the conversion was the

property of the plaintiff. Its purchase by the defendant did not divest the title, nor the right of possession. . . . This right at the moment preceding the purchase by the defendant at Depere was perfect, with no right in any one to set up a claim for work and labor bestowed on it by the wrongdoer. It is also plain that by purchase from the wrongdoer defendant did not acquire any better title to the property than his vendor had. . . .

"On what ground, then, can it be maintained that the right to recover against him should not be just what it was against his vendor the moment before he interfered and acquired possession? If the case were one which concerned additional value placed upon the property by work or labor by the defendant after he had purchased the same, the rule might be applied as in the case of the inadvertent trespasser. But here he has added nothing to the value. He acquired possession of property of the United States at Depere, which at that place and in its then condition is worth $850, and he wants to satisfy the claim of the government by the payment of $60. He founds his right to do this, not on the ground that anything he has added to the property has increased its value by the amount of the difference between these two sums, but on the proposition, that in purchasing the property, he purchased of the wrongdoer a right to deduct what the labor of the latter had added to its value. . . .

"To hold that when the government finds its own

property in hands but one remove from these willful trespassers, and asserts its right to such property by the slow processes of the law, the holder can set up a claim for the value which has been added to the property by the guilty party in the act of cutting down the trees and removing the timber, is to give encouragement, and reward to the wrongdoer, by providing a safe market for what he has stolen and compensation for the labor he has been compelled to do to make his theft effectual."

The principle thus announced has been recognized and applied in *Nesbitt* v. *St. Paul L. B. R. Co.,* 21 Minn., 491; *Central Coal, etc., Co.* v. *John Henry Shoe Co.,* 69 Ark., 302, 63 S. W., 49; *Everson* v. *Seller,* 105 Ind., 266, 4 N. E., 854; *Parker* v. *Waycross R. R. Co.,* 81 Ga., 387, 8 S. E., 871, and many other cases.

It is insisted, however, by the counsel for defendant, that a different rule has been established in this State in the cases of *Dougherty* v. *Chestnutt,* 86 Tenn., 12, 5 S. W., 444, and *Holt* v. *Hayes,* 110 Tenn., 42, 73 S. W., 111. The first of these cases has no bearing upon the question at issue here. There, under an honest, but mistaken, claim of title, a trespasser had invaded a marble quarry and removed and sold it, and it was held that the measure of damages to which the true owner of the quarry was entitled against the trespasser was the value of the marble taken as it lay at the quarry, cut, dressed, and prepared for market, less the expense of thus cutting and dressing and preparing it.

Godwin v. Taenzer.

Nor is the last of these cases any more authority for the contention of the defendant. There the suit was to recover from the defendant the value of timber which had been wrongfully cut from the land of the complainants and by the trespasser had been sold to the defendant. Without knowledge of the trespass the defendant purchased a small amount of this timber, when he was notified by the complainants that his vendors were trespassing upon the lands of the complainants in cutting and removing timber, and was requested to buy no more of it. In the face, however, of this notice, the defendant thereafter purchased seventy-seven cords of timber, worth $77 in the tree in the woods, but worth $246.40 in stave bolts delivered at the factory of the defendant, in which form the trespasser prepared the timber and sold it to the defendant. No question was made as to the measure of damages as to the lot of timber purchased by the defendant before the notice given to him by the complainants. The only controversy was as to the amount with which the defendant was chargeable for that purchased by him after this notice. The contention of the defendant was that as to this timber the true measure of damages was its value as it stood in the tree at the time it was cut, "and at all events the defendant should be allowed the cost of converting the timber into merchantable form." This contention was rejected by this court, and it was held that he was liable "for the timber after it had been converted into stave bolts." In other words the court held that the

purchaser was not entitled to have the recovery against him reduced by the value of the labor bestowed upon this timber by the trespasser in converting it from its original form into stave bolts. We see nothing in this holding which is contrary to the rule announced in the authorities referred to above, but rather its distinct ruling is that the act of the wrongdoer did not strip the landowner of any right, and that he was entitled to the value of his timber in its changed form, unreduced by the value of the labor and time, or of the money expended by the wrongdoer in working this change.

This was the view of the chancellor in the present case, and as to this point his decree is affirmed.