[No. 19667. Department Two. April 15, 1926.]

JOSEPH BARNETT, *Respondent*, v. LONDON ASSURANCE CORPORATION, *Appellant*.[1]

[1] INSURANCE (78, 80)—AVOIDANCE FOR MISREPRESENTATION—TITLE OR INTEREST OF INSURED—BUYER OF PERSONAL PROPERTY—STOLEN AUTOMOBILE. In an action on a theft policy of insurance of an automobile, which the plaintiff purchased in good faith, his title is good as against all except the true owner; and it is accordingly no defense to the policy that it was originally a stolen car at the time plaintiff obtained and received it.

[2] SAME (78, 80). In such a case, a provision in the policy that it shall be void if the interest of the insured be other than sole and unconditional ownership of the property, is no defense to the action, since plaintiff's title and sole ownership can be questioned only by the original owner.

[3] SAME (78, 80). In such a case, a provision in the policy that, on payment, the company shall be subrogated to the rights of the assured, constitutes no defense from the fact that another car of the same make and number was discovered in another state; since such fact in no way impairs the right of subrogation respecting the car actually insured.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 2, 1925, upon findings in favor of the plaintiff, in an action upon an automobile insurance policy, tried to the court. Affirmed.

[1]Reported in 245 Pac. 3.

*Fred G. Clarke,* for appellant.
*Robbins & Rickles,* for respondent.

MAIN, J.—This action was brought upon an insurance policy to recover for loss sustained by reason of the theft of an automobile. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment sustaining a recovery in the sum of $450. From this judgment, the defendant appeals.

On February 10, 1923, the respondent, in the city of Chicago, purchased a Ford touring car and paid therefor the sum of $450. Thereafter he added accessories to the extent of something over $100. The car was used by the respondent at the place where it was purchased, in connection with his business there until May 8 following. Subsequent to the latter date, the automobile was driven by the respondent from Chicago to Seattle where he arrived on May 22. The car was then used in the city of Seattle until August 22, when it was stolen. On July 12, 1923, and prior to the date of the theft, the appellant had issued to the respondent an insurance policy covering the automobile against theft. After the car was stolen, the respondent reported this fact to the appellant. Upon receipt of this information, the appellant made a search for it, and in the course of such search discovered a Ford automobile bearing the same number in the state of Mississippi. That automobile was in possession of the rightful owner there, who had purchased it, and was not the one upon which the appellant had issued the policy of insurance. The respondent's car, which was covered by the insurance, was at no time found.

[1] The appellant's first point is that the respondent had no title to the car described in the policy of in-

surance, and therefore had no right to recover thereon. This position is predicated upon the assumption that, by reason of the fact that there was a car in the state of Mississippi of the same make with a like number, therefore the respondent's car must have been a stolen car. It is not necessary here to determine what may be the probative effect of this evidence. The car covered by the policy upon which the action is based was purchased by the respondent in good faith, used by him, the insurance policy issued to him and the premium paid. Even though the automobile may have been originally stolen from the rightful owner, the respondent had the title and the right to possession of it as against all the world except the rightful owner, assuming that the car had been stolen from him. In *Norris v. Alliance Ins. Co.,* 123 Atl. (N. J.) 762, it was held that, where the insured was the *bona fide* purchaser of an automobile, on which the policy of insurance against theft was issued, his title was good against every one but the original owner, and that in an action upon the policy the insured had a right to recover for the theft of the car from him, even though originally it had been stolen from the rightful owner. It was there said:

"The defendant's difficulty is that there is no proof that the insured machine was stolen from its original owner, but, if this be granted, plaintiff's title was good against every one but the true owner, and he is unknown and makes no claim of ownership, and plaintiff has never been evicted. He owned it against all the world but a supposed owner from whom we are asked to infer it was stolen. None but he can assert ownership against the plaintiff, which he does not do, and defendant has no right to do it for him. The plaintiff did not, knowingly, make any false representation to defendant as to his ownership; he supposed he was the unconditional and sole owner without any fact known

to him to the contrary, and, so far as this record shows, was, and is, the only person claiming ownership. So far as defendant is concerned, it is the same as if the automobile had been lost and found by plaintiff, who is the true owner until evicted by one holding better title. The possession of property is *prima facie* proof of title.''

[2] The appellant's second point is that, since the policy of insurance provides that it shall be void, "if the interest of the insured in the property be other than unconditional and sole ownership . . .," the respondent has no right to recover upon it. The argument in support of this point is also based on the assumption that the car covered by the policy was stolen from the original owner. Even if this be true, it would not prevent a recovery under that clause in the policy, because, as already noted, the respondent had the right to the automobile as against every one except the one from whom it was originally stolen, if it were stolen, and that person is making no claim to it. In *Savarese v. Hartford Fire Ins. Co.*, 99 N. J. Law 435, 123 Atl. 763, it was held that, where the insured in good faith purchased an automobile and procured insurance upon it against theft, he could recover upon the policy, even though it provided that recovery could be had only by one having sole ownership and the car was one which had been stolen from the original owner. It was there said:

"The fallacy of this reasoning springs from a misconception of what is understood to be the meaning, in its common acceptation, of the phrase 'unconditional and sole ownership,' as used in the policy of insurance. There is no pretense on part of the appellant that the ownership of the plaintiff of the automobile was 'conditional.'

"The stress of appellant's argument is placed upon the term 'sole ownership,' which under the facts of

this case it is claimed the plaintiff did not possess. We think that 'sole ownership' as used in the policy can properly mean nothing more than that no one else is interested with the insured, in the ownership of the car. In this view, it is obvious that there was no violation by the plaintiff of the condition of the policy."

[3] The last point urged by the appellant is that, if the judgment is sustained, its right of subrogation would be defeated. The policy provided that: "If this company shall claim that the loss or damage was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the assured for the loss resulting therefrom, and such right shall be assigned to this company by the assured on receiving such payment." If we correctly gather the appellant's argument, it is based on the fact that it would have no right to recover the car in Mississippi which had the same number as the one covered by the policy. Its right to subrogation to the rights of the respondent with reference to the car covered by the policy is not, as we view it, in any manner impaired. The policy provides that the subrogation shall take place when the payment is made. The case of *Downs Farmers Warehouse Ass'n v. Pioneer Mutual Ins. Ass'n,* 41 Wash. 372, 83 Pac. 423, is not in point, because there, after the policy had been issued, the insured entered into a contract which would prevent subrogation.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.