BROADWAY FURNITURE CO. *v.* BATES.

(*Nashville,* December Term, 1935.)

Opinion filed March 7, 1936.

ELKIN GARFINKLE and DAN GARFINKLE, both of Nashville, for appellant.

B. R. WHITE, of Nashville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit brought in a magistrate's court for conversion of a radio. Plaintiff sold the property to one Herman Turner, retaining title to secure the purchase money. Defendant Bates purchased the radio from Turner, and resold it in ignorance of the fact that the title was in plaintiff. The magistrate gave judgment for plaintiff, but the circuit judge reversed and gave judgment for the defendant.

The case was tried in the circuit court on the following stipulation of facts:

"That on April 5, 1933, Herman Turner purchased a Philco Jr., Radio, Number K4523 from the Broadway Furniture Co., of Nashville, Tennessee. Said purchase was made under Retained Title or Conditional Sales contract in which title was retained by the Broadway Furniture Co., to secure the payment of the purchase price. That the said Herman Turner defaulted in payment and owed $23.25; that the said Herman Turner sold to the defendant, Emit Bates, the above described radio without the knowledge or consent of the Broadway Furniture Co. That subsequently the said Emit Bates sold the radio to some other party. That at the time he purchased and at the time he sold the radio it was worth $20.00. That Emit Bates had no knowledge or notice of the retained title contract held by the Broadway Furniture Co. That Herman Turner has left the state and his present address is unknown to any of the parties."

■ The general rule is thus stated in 55 C. J., 1311: "A subsequent purchaser from a buyer may be sued for conversion of the property, although he has resold it and is no longer in possession of it." The two cases cited to support this text are *Elder* v. *Woodruff Hardware & Mfg. Co.,* 9 Ga. App., 484, 71 S. E., 806, and *Woods*

v. *Nichols,* 21 R. I., 537, 45 A., 548, 549, 48 L. R. A., 773. In the Woods Case plaintiff sold a buggy on retained title contract to one Barnes, who sold it to the defendant Nichols, who in turn sold it to a third party, Ballou. Nichols' defense was that he bought the buggy in good faith and did not have it in his possession when the suit in trover was brought. The court said:

"Such a defense is not sufficient. It ignores the rule *caveat emptor.* It is clear that Barnes had no title to sell, and hence neither Nichols nor Ballou acquired any by their purchases. The law, as stated in Cooley, Torts, section 451, which is well supported by authority, is as follows: 'One who buys property must, at his peril, ascertain the ownership, and, if he buys of one who has no authority to sell, his taking possession, in denial of the owner's right, is a conversion. . . . So, it is no protection, to one who has received property and disposed of it in the usual course of trade, that he did so in good faith, and in the belief that the person from whom he took it was the owner, if in fact the possession of the latter was tortious.'

"The mere possession by Barnes under the agreement was not tortious, but possession with an intention to sell, contrary to the agreement, was tortious. Under the agreement, he had no right to sell. The law in England and in this country is in harmony on the question before us. In *Hollins* v. *Fowler,* L. R., 7, H. L., 757, the subject was most exhaustively considered, and it may be taken as a definitive statement of the law in England. The case holds that any person who, however innocently, obtains possession of the goods of a person who has been fraudulently deprived of them, and disposes of them,

whether for his own benefit or that of any other person, is guilty of a conversion."

The principle involved is the same applied by this court in cases of stolen or wrongfully converted property. *McDaniel* v. *Adams,* 87 Tenn., 756, 11 S. W., 939; *Merchants' Nat. Bank* v. *Trenholm,* 12 Heisk., 520, 521. Under these authorities and this rule, it is the withholding from the rightful owner of personal property, either the property itself, *or the proceeds thereof,* that gives rise to the right of action against even an innocent purchaser. As remarked in the *McDaniel Case, supra,* it is no greater hardship to hold the innocent purchaser liable for the proceeds of the property after sale by him, than for the property itself when found in his hands.

Reversed, and judgment lien for plaintiff.