COWAN et al. v. THOMPSON, No. 1.—152 S. W. (2d) 1036.

Eastern Section. April 5, 1941.

Petition for Certiorari denied by Supreme Court, June 14, 1941.

Green, Webb, Bass & McCampbell, of Knoxville, for plaintiff in error East Tennessee Packing Co.

C. S. Rainwater, of Dandridge, for defendant in error, Stella Mae Thompson.

McAMIS, J. Claiming trover, Stella Mae Thompson instituted this action against the East Tennessee Packing Company to recover the value of cows acquired from her by one Bill Cowan by means of a forged check drawn in the name of R. L. Cowan. The circuit judge granted recovery and the Packing Company has appealed, insisting that, as a bona fide purchaser in due course of trade for value paid, it acquired a good title from Cowan even as against the true owner. The facts are uncontroverted. Bill Cowan, representing himself as R. L. Cowan, purchased the cows on the afternoon of March 15, 1940. It was agreed that the cows were to be taken up and paid for the next day. According to agreement, Cowan brought a truck and loaded the cows the following morning. He gave plaintiff a forged check bearing the name of R. L. Cowan. The cows were immediately taken to Knoxville and sold to defendant without notice of any infirmity in title. In the negotiations with defendant, Cowan represented himself as being R. H. Cowan.

Plaintiff presented the check to the drawee bank the afternoon of the same day and payment was refused because R. L. Cowan had no account at the bank. Developments led to a discovery of the forgery and defendant was notified on the afternoon of the 16th but it had already issued its check payable to R. H. Cowan and, though payment was stopped, it was later compelled to pay the check to an innocent purchaser for value.

It is plain from the proof that the sale of the cows was for cash with no intention of extending credit to Cowan. Payment and delivery

were to concur and possession was not to be surrendered until the seller received, in hand, the consideration for the sale.

Though the point is made that Cowan obtained possession of the cows by fraudulently impersonating R. L. Cowan, and not as a result of the forgery, it is manifest that the fraud of Cowan in representing himself as R. L. Cowan was only incidental. Possession was not obtained as a result of the impersonation but as the proximate and immediately occurring result of the forgery. Plaintiff had no reason to suspect the dishonesty of Cowan. In accepting a check in payment she dealt according to the usual custom and no intimation of negligence can be made against her.

Hence, we have for decision the right of a purchaser for value in due course of trade from one possessing no indicia of title and who acquired possession from the true owner by means of a forged instrument as against a seller who parted with possession solely upon the strength of a forged check. We are not cited to a case resolving this question.

The principles involved are not unlike those applied in Young v. Harris-Cortner Company, 152 Tenn., 15, 268 S. W., 125, 54 A. L. R., 516. There possession of property re-sold to an innocent third party for value was obtained by giving in payment an unforged but worthless check. Relating the rights of the seller to the provisions of our Uniform Sales Act, Section 23, Pub. Acts 1919, c. 118, and quoting at length from Williston on Contracts, it was held that the doctrine of apparent ownership or implied authority to sell could not be applied against the true owner in the absence of negligence or conduct giving rise to an estoppel, and that the true owner would have his action against the sub-vendee for the value of the goods.

The logic and justice of the rule applied in that case seems even more compelling where the check accepted in payment is a forgery. A forged instrument is utterly vacuous and void and is incapable of supporting an action even at the instance of an innocent purchaser for value (Code, Section 7347) while a worthless check is not void and will support an action against the maker as a note of hand.

It is argued that to permit the true owner to recover against an innocent third person who, without notice or negligence, purchases in due course of trade and for value would prove a serious barrier to the free market exchange of personal property. The same argument might be made in behalf of one who purchases from a bailee or pledgee of personal property but it is uniformly held that one so intrusted with possession can transfer no title as against the true owner even to one who possesses all the attributes of an innocent purchaser.

In any case, it may well be doubted whether the recognition of the right of the seller who is the victim of a forgery to reclaim the property from one who purchased from the forger would result in any

greater impediment to the free exchange of property than would result from the converse rule.

We think the circuit judge correctly held plaintiff, as the holder of the legal title, entitled to maintain an action for conversion. McDaniel v. Adams, 87 Tenn., 756, 11 S. W., 939; Godwin v. Taenzer, 122 Tenn., 101, 119 S. W., 1133. The assignments are accordingly overruled, and the judgment affirmed with costs.

Portrum and Ailor, JJ., concur.