[No. 29234.   Department Two.   April 1, 1944.]

WILLIAM ARGENS, *Respondent,* v. C. M. WHITCOMB et al., *Appellants.*[1]

*Stephen J. Morrissey* and *Arthur H. Hutchinson,* for appellants.

*Simmons & McCann,* for respondent.

ROBINSON, J.—In this cause, tried by the court without a jury, the respondent, Argens, recovered a judgment in an action for breach of warranty of title and right to quiet possession of an automobile sold to him by the appellants. The complaint is short, simple, and direct. It alleges, in substance, that the defendants were engaged in dealing in automobiles; that, on September 25, 1941, the plaintiff purchased a car from them, describing it by make, year, type, and motor and serial numbers, for the sum of $1,143.80. It is then alleged that the car was not owned by the defendants at the time of the sale, but had belonged to one Lora B. Mosse, and, at the time the complaint was drawn, was the property of the Home Insurance Company. Then followed this very material allegation:

"That on the 6th day of May, 1942, said automobile was taken from this plaintiff by process of law as a stolen car, all of which facts are well known to the defendants."

The plaintiff prayed judgment for the purchase price and interest thereon from the day of purchase. In answering, the defendants admitted the sale, but said they did not have sufficient knowledge or information as to form a belief as to the allegations of the ownership of the automobile, and, therefore, denied the same. They categorically denied the principal allegation that the automobile was taken

from the plaintiff by process of law as a stolen car. We refer to this as the principal allegation because of the following provisions of Rem. Rev. Stat., § 5836-13 [P. C. § 6227-13]:

"In a contract to sell or a sale, unless a contrary intention appears, there is:

"(1) An implied warranty on the part of the seller that in case of a sale he has a right to sell the goods, . . .

"(2) An implied warranty that the buyer shall have and enjoy quiet possession of the goods as against any lawful claims existing at the time of the sale."

The defendants pleaded an affirmative defense. Since it indicates the line of argument they follow on appeal, we quote it in full:

"That defendants sold to the said plaintiff one certain Chevrolet automobile on or about the 25th day of September, 1941 for $1,143.80; that at the said time the said defendants were licensed dealers in second hand automobiles with their place of business at Seattle, Washington; that during the regular course of said business the said defendants purchased in good faith the said automobile for reasonable and valuable consideration and paid therefor the reasonable purchase price in cash; that after making reasonable investigation of the title thereof they accepted title and possession of the said car and performed faithfully all the registration requirements of the statutes of the State of Washington and were title owners and possessors of the said car and the said car was placed in the sales stock for resale at the place of business of the defendants; that at no time while they so held the said car was any question ever raised relative to the title to the said car by any purported claimants to the same; that in the due course of business the said car was sold by the defendants to the plaintiff and defendants' title of ownership and absolute possession of the said car was delivered to the plaintiff, possessor thereof; that if at any time subsequent thereto the plaintiff voluntarily delivered the car to any claimant of the same or permitted any claimant to the same to take possession of the said car from him, either voluntarily or by process of law, he did so at his own risk; that the defendants have never at any time been parties to any court action or legal proceeding which put them in a position to defend any direct or indirect interest which

they may have had in the said car or their former title to the same, nor have the defendants authorized anyone, particularly the plaintiff herein, to surrender his title and possession to the said car to any claimant to the same; that the said plaintiff had no right whatsoever to prejudice the defendants by any acts upon their part."

Plainly, the matter of good faith can be ruled out at once as being altogether immaterial, and, if it be true that no one gave the appellants their day in court in any previous legal proceedings to prove that they had good title to the car, that day in court was certainly afforded them in this action; for the complaint directly charged that the car which they sold to the respondent did not belong to them, but was one stolen from Lora B. Mosse. We do not at all agree with the following contention made in appellants' brief:

"Neither Lora Mossee nor the Home Insurance Company ever sued C. W. Whitcomb, et al, or Argens, to quiet title or evict their possession. This should have been the first action to establish title in either Lora Mossee or Home Insurance Company, and such action should have gone to judgment before Argens was in a possession to bring this action, which should have been subsequent to and secondary to the first action."

We think that this action was maintainable, and that, when Argens pleaded and proved that officers of the law forcibly took the car out of his possession, on the ground that it was a car stolen from Lora B. Mosse, the appellants having warranted quiet possession, it was for them to go forward with evidence, if such they had, to show that no such ground existed. If they themselves had good title and the seizure was unlawful, the evidence to prove that fact was peculiarly within their knowledge and possession. They elected to produce no evidence whatever.

The problem presented, then, is whether or not the evidence adduced on behalf of the respondent is sufficient to support the judgment entered. The respondent testified to the purchase of the car and the possession of the same for about eight months, when Captain Olson (a

local officer at the head of the theft detail) and an FBI man came down and seized the car. The appellants successfully kept out of the record, by timely objection, the statements made by the officers at the time of seizure. It was made to appear, however, that, after the beginning of the action, respondent purchased the car from the insurance company in whose behalf it was taken from him. This evidence seems to have been offered as a foundation for offering certain documents as exhibits, to wit, a 1941 Kansas certificate of title in Lora B. Mosse, a bill of sale from Lora B. Mosse to the Home Insurance Company, executed on September 30, 1941, five days after the appellants sold the car to the respondent, and a bill of sale from the insurance company to the plaintiff, executed after the bringing of this action. The appellants objected to the admission of these exhibits, but the trial court admitted them provisionally, saying:

"You may be right. . . . It does seem to me at this time that the matter is rather immaterial to the issues as here presented. But I am admitting it over objection and I will hear from you later."

The respondent's attorney then stated to the court that it would be necessary to his case to have the testimony of Officer Olson who had not yet reached the courtroom, whereupon the following took place:

"THE COURT: I presume for the purpose of the record — if it is material at all — I presume counsel might stipulate that if Mr. Olson was here he would testify in reference to the matter? MR. HUTCHINSON: I think we can do that. THE COURT: Yes. MR. HUTCHINSON: I think we can stipulate that he will probably testify that he picked up this car and that he was satisfied in his own mind that it was a stolen car and that he confiscated it. MR. SIMMONS: No. He will go further than that. He will testify—I am advised—that the numbers on this car originally are the identical numbers shown on this certificate of title issued by the State of Kansas. And he will testify that this is the identical car that formerly belonged to Mrs. Mosse. THE COURT: Yes. I thought counsel was willing to stipulate that if Mr. Olson or Captain Olson was here he would so testify. MR. SIMMONS: Is that your stipulation, counsel?

MR. HUTCHINSON: Yes. I will stipulate that he would so testify. But I am not admitting — THE COURT: Oh, certainly. If it is not material, it is not binding on you, certainly."

Whereupon the plaintiff-respondent rested his case, and the appellants announced that they would submit no evidence.

The evidence submitted on behalf of respondent is somewhat slight, but, in view of the fact that the defendants introduced no evidence at all, we think it sufficient to sustain the judgment, even if the Kansas certificate of title in Lora B. Mosse be wholly disregarded, and it seems to have been the thought of the trial judge, as expressed in orally announcing the decision he would probably enter, that that document and the bills of sale accompanying it were immaterial.

Appellants rely chiefly upon the case of *Barnett v. London Assurance Corp.*, 138 Wash. 673, 245 Pac. 3, 46 A. L. R. 526, which clearly holds that one who purchases in good faith a car which has been stolen gets title to it against all the world but the true owner. This case is not applicable here. This is not a case where A is attempting to recover a car from B, on the ground that the car was stolen from C. On the other hand, it is a case where the appellants sold the respondent a car, warranting right to sell and that the vendee would enjoy quiet possession thereof against any lawful claims existing at the time of the sale. Respondent proved that possession was forcibly taken from him by officers of the law, and one of those officers testified, or rather it was stipulated, that, if present, he would testify that he took the car from the respondent because it was the identical car stolen from a woman in Kansas. It is our opinion that the evidence in support of the allegations of breach of these warranties was sufficient to sustain the judgment, in view of the fact that no rebutting evidence whatever was introduced.

Appellants assign error on the ground that the action became one to quiet title, and that, when this occurred, their motion for a continuance on the ground of sur-

prise was denied. There is no merit in this assignment. The respondent did not attempt to recover, nor did he recover, on the strength of his present title. He merely sought damages on account of appellants' breach of their warranties of right to sell and quiet possession, and those issues were clearly tendered in the complaint.

█ Appellants also contend that, for a period of eight months at least, they conferred undisturbed possession on the respondent, and that the value of that possession at least should have been deducted from the sum awarded by way of judgment, which sum was the entire purchase price. This is equivalent to saying that, while one may not pass title to a stolen chattel, he can pass the right of possession. We are not inclined to approve any legal theory so novel as that. It does not appear that the appellants ever conferred any right to possession on the respondent which might serve as the basis for a counterclaim, nor is there a word of evidence in the record as to the value of the use. In any event, if the respondent is accountable to anyone for the value of the use of the car, it would be to the true owner, to whom the right of possession belonged. The appellants certainly introduced no evidence that they owned the car and had the right of possession. If they had any such evidence, they voluntarily elected not to produce it.

The judgment appealed from is affirmed.

SIMPSON, C. J., MILLARD, BLAKE, and MALLERY, JJ., concur.