Zimmerman, J.
Pawnbroking’ is a business licensed by tbe state of Ohio and is governed by Sections 4727.01 to 4727.16, inclusive, Revised Code. Under those sections, a pawnbroker may make loans of money on pledges of personal property. He is limited as to the charges he may make for such loans and is required to maintain records and make daily reports to his local police department. By Section 4727.08, Revised Code, the pawnbroker must keep specified books and forms pertaining to a pawned article. Such books shall be open to the inspection of the police, and, upon demand, the pawnbroker “shall produce and show an article thus listed and described which is in his possession.” Substantial penalties are imposable for a violation of the sections of the Code licensing pawnbrokers and controlling their activities.
The fact that a pawnbroker is subject to strict regulations in the conduct of his business does not mean that he may be denied his rights in property without due process of law.
It is contended that since rule No. 1, mentioned above, applies only to stolen property, the pawnbroker is in no position to challenge it, because a thief can pass no title to property. This is not strictly accurate. It is well established that one who purchases or acquires property from a thief in good faith has a right to the possession thereof against everyone except the rightful owner. 46 American Jurisprudence, 623, Section 459; Barnett v. London Assurance Corp., 138 Wash., 673, 245 P., 3, 46 A. L. R., 526. Compare Atlantic Finance Co., Inc., v. Fisher, 173 Ohio St., 387, 183 N. E. (2d), 135, decided in relation to the Ohio Certificate of Title Act.
Although under the statute a pawnbroker must exhibit pawned articles to the police upon request, this does not authorize the arbitrary seizure and sequestration of such property without a warrant. Pawned articles alleged to have been stolen may be taken from the pawnbroker through lawful procedure, if necessary, to be used in evidence against the thief in the criminal trial, but, when that purpose is served, the pawnbroker is entitled to their return.
*341 It is urged that, inasmuch as the search in the instant case was legal, the seizure was an incident thereto and was likewise legal. This is too broad a statement even as to seizure under a warrant. A search warrant permits only that property which is described therein with reasonable certainty to be seized; it does not authorize indiscriminate seizure of property found on the premises. 47 American Jurisprudence, 524, Section 37. The consent by a pawnbroker to a search arises under a special statute whereby he as the licensee to conduct a pawnbroking business agrees to surrender his constitutional right of requiring a search warrant before his premises may be investigated. This consent gives the police broader powers than could be exercised even with a warrant. It was held in United States v. Lefkowitz, 285 U. S., 452, 76 L. Ed., 877, 52 S. Ct., 420, 82 A. L. R., 775, that a warrant for a general exploratory search is invalid.
Under the statute there is no search as is ordinarily made with a search warrant, where there is reason to believe that specific property may be in the possession of a person against whom the warrant is directed or on the premises to be searched. The statute, enacted under the police power, is to facilitate the attempt to locate stolen property in general by checking locations where such property may be found. Once such property has been discovered, then due process would require that its seizure be by proper and approved means.
Thus the arbitrary seizure and sequestration, even in good faith, of allegedly stolen pawned articles, of a kind which may be lawfully pledged or pawned, from a pawnbroker without a proper and valid warrant authorizing seizure are violative of the pawnbroker’s rights, are contrary to the procedure outlined in Section 4727.08, Revised Code, and may not be sanctioned.
We come now to a consideration. of the rule which empowers a judge in the criminal case against the alleged thief to determine the right to the possession of the property as between the one who claims it as owner and the pawnbroker.
The assertion is made that this rule is valid by virtue of Section 2933.28, Revised Code, which reads as follows: *342 shall be returned to the person in whose possession they were found, unless the possession of such articles is in itself an offense, in which case they shall be destroyed. If the accused is convicted the property shall be returned to its owner, unless the possession of such articles is in itself an offense, in which case they shall be destroyed.”
*341 “If the accused is discharged by the judge or magistrate the property or other things seized under a search warrant
*342 Such interpretation of the rule would render the section unconstitutional as depriving a person of property without due process of law. In our opinion, the above section is not applicable in situations like the present one and has reference to those instances wherein there is no third party claimant to such property. In other words, such section embraces a situation where stolen property is found in the possession of the thief and the ownership thereof is not questioned. But where, as here, diverse claims of ownership or possessory rights may arise, the section is not controlling, and the parties are relegated to the civil courts for a determination of their respective claims.
The prosecution of a criminal case is strictly against the accused. Property rights in the subject matter of the alleged theft are not directly in issue nor are the proper parties before the court for the determination of such matter. In the criminal case the pawnbroker is afforded no opportunity to assert such property rights as he may have, and it is axiomatic that one may not be deprived of property in his possession in a proceeding to which he is not a party. Therefore, in the criminal prosecution of a person charged with stealing and pawning an allegedly stolen article, it is beyond the power and function of the judge to determine and adjudge the ownership of such property as between the pawnbroker and the one claiming to be the true owner. This is a matter for the civil courts in an appropriate action. See 4 Wharton’s Criminal Law and Procedure, 190, Section 1565. Compare Rassner v. Federal Collateral Society, Inc., 299 Mich., 206, 300 N. W., 45.
It may be supposed that a reputable pawnbroker would voluntarily surrender pawned articles in his possession, where there is plain proof of their theft with a clear identification of the real owner; nevertheless the pawnbroker is entitled to test ownership and possessory rights in a civil action if he so *343 elects. A pawnbroker wbo consistently and persistently refuses to conduct business in compliance with statutory requirements and in a lawful manner can hardly expect to survive in that business for long.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for the plaintiff.

Judgment reversed.

Taft, C. J., Herbert and Gibson, JJ., concur.
Matthias, O’Neill and Griffith, JJ., dissent.