Bergan, J.
The finding of fact that plaintiff purchased the automobile insured by defendant for value and without knowledge it was stolen has been affirmed, both by the Appellate Term and by the Appellate Division, and is not an open question here. Thus the issue of plaintiff’s insurable interest must be examined on the assumption he was an innocent buyer of the vehicle insured by defendant, and subsequently stolen.
Plaintiff had a right to possession of the car against any contrary assertion except that of the true owner. This right, under general principles, ought to be regarded as an insurable interest. The New York rule was laid down by Judge Finch in National Filtering Oil Co. v. Citizens’ Ins. Co. of Mo. (106 N. Y. 535). He noted that the cases he cited, e.g., Herkimer v. Rice (27 N. Y. 163), “ decide that an interest, legal or equitable, in the property burned, is not necessary to support an insurance upon it; that it-is enough if the assured is so situated as *413 to be liable to loss if it be destroyed by the peril insured against; that such an interest in property connected with its safety and situation as will cause the insured to sustain a direct loss from its destruction, is an insurable interest; that if there be a right in or against the property which some court will enforce upon the property, a right so closely connected with it and so much dependent for value upon the continued existence of it alone, as that a loss of the property will cause pecuniary damage to the holder of the right against it, he has an insurable interest ” (107 N. Y., at p. 541).
This decision was followed in Riggs v. Commercial Mut. Ins. Co. (125 N. Y. 7) in which Judge Andrews observed that although a stockholder of a corporation had neither title to corporate property nor equitable title which he could convert to a legal title, he has a sufficient interest in such property to insure it. For example, its loss might affect dividends (p. 13). If the law recognizes the right of a purchaser of a car in good faith and for value to possession, it would seem to follow that this right to possession, limited though it may be, is insurable.
The general policy problem underlying the concept of ‘ ‘ insurable interest ” essentially is whether an insured, having no real economic interest in the subject, is actually making a wagering contract. The principle is laid down in Corpus Juris Secundum (Vol. 44, Insurance, § 175, subd. [b], p. 870): “ An ‘ insurable interest ’ is sui generis, and peculiar in its texture and operation. In general a person has an insurable interest in the subject matter insured where he has such a relation or connection with, or concern in, such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against. Great liberality is indulged in determining whether a person has anything at hazard in the subject matter of the insurance, and any interest which would be recognized by a court of law or equity is an insurable interest.”
Two States have held under similar circumstances to those now here that the purchaser in good faith of a car has an insurable interest. In New Jersey this was held in Norris v. Alliance Ins. Co. (1 N. J. Misc. 315), and in Washington in Barnett v. London Assur. Corp. (138 Wash. 673). *414 In the latter case the court observed: “ The car covered by the policy upon which the action is based was purchased by the respondent in good faith, used by him, the insurance policy issued to him and the premium paid. Even though the automobile may have been originally stolen from the rightful owner, the respondent had the title and the right to possession of it as against all the world except the rightful owner, assuming that the car had been stolen from him ” (138 Wash., at p. 675).
In a recent ease in the Second Department (Perrotta v. Empire Mut. Ins. Co., 35 A D 2d 961) the court treated as decisive on insurable interest whether plaintiff was “ an innocent purchaser of the automobile ”, Holding that he was not, the court held he had no insurable interest.
Decision in Nieschlag & Co. v. Atlantic Mut. Ins. Co. (43 F. Supp. 797 [S. Dist., N. Y.], affd. 126 F. 2d 834, cert. den. 317 U. S. 640, rehearing den. 317 U. S. 707) is distinguishable. The insured had no possession or right to possession of the goods represented by the fraudulent receipt. The fraudulent paper gave it nothing to assert against anyone and it could not bring itself within any of the general definitions of an “ insurable interest ”.
The order should be affirmed, with costs.