INSURANCE COMPANY OF NORTH
AMERICA et al., Petitioners,

v.

CLIFF PETTIT MOTORS, INC., et al.,
Respondent.

Supreme Court of Tennessee.

July 22, 1974.

Rehearing Denied Aug. 31, 1974.

Calvin N. Taylor, F. Graham Bartlett, Knoxville, for petitioners.

Sidney W. Gilreath and Michael Y. Rowland, Robert M. Stivers, Jr., Wallace F. Burroughs, L. B. Bolt, Jr., Knoxville, for respondent.

## OPINION

W. M. LEECH, Special Justice.

This is a case of multiple conversions in which a stolen automobile was ultimately bought by a bona fide purchaser for value and then accidently wrecked. This action was initiated by the Insurance Company of North America (hereinafter, INA), the original insuror of the automobile in question, to have the rights of the various parties through whose hands the automobile passed adjudicated.

Under the proof and stipulated facts of this case it is undisputed that on September 29, 1970, a 1970 Oldsmobile Tornado belonging to Joe Marlow, and insured by INA, was stolen from Mr. Marlow in Manchester, Tennessee. Thereupon, INA paid Mr. Marlow $5,200.00 in full settlement of the loss and thus became subrogated to his rights. Mr. Troy Oliver, a party, subsequently purchased that same automobile from Mr. Ray LeFevers in January of 1971. Mr. Oliver had the automobile financed and a valid Tennessee title, with lien thereon, was issued to him. On February 18, 1971, Mr. Oliver sold the automobile to Cliff Pettit Motors, Inc., the lien was paid off, and discharged on the title by the lienholder. On April 14, 1971, that same automobile was sold by Cliff Pettit Motors, Inc. to Judy Faye Woods, financing arrangements were made, the purchase of the automobile was financed by Manufacturers Acceptance Corporation; complete automotive insurance was contracted for, and a policy issued by Exchange Mutual Insurance Company. On June 15, 1971, the automobile was wrecked, and rendered a total loss, while driven by James E. Woods, Judy Faye Woods' father.

With the foregoing facts before the court, the Chancellor ruled that:

"Since the car was stolen, Judy Faye Woods is entitled to rescind the purchase transaction with Cliff Pettit Motors, Inc. and recover her downpayment and any amounts paid thereon, which is the sum of $1,505.14. Cliff Pettit Motors, Inc. is entitled to recover the fair market value of the automobile at the time Troy Oliver traded it to them in February, 1971, which the Court finds to be the sum of $3,550.00. Insurance Company of North America to be entitled to recover against Cliff Pettit Motors, Inc. the fair market value of the automobile as of February, 1971 in the amount of $3,550.00. Since the car was stolen, Exchange Mutual Insurance Company would have a void policy and would be responsible to return the premium received to the party who paid said premium, which would be Manufacturers Acceptance Corporation. Manufacturers Acceptance Corporation being a holder in due course of negotiable paper is dismissed from the proceeding without prejudice to its rights against Cliff Pettit Motors, Inc. Any action against J. E. Woods should be dismissed for lack of evidence."

As a result of the foregoing, defendant, Cliff Pettit Motors, Inc., made a motion for a new trial which was denied. Thereupon, an appeal was perfected to the Court of Appeals, Eastern Section.

The Court of Appeals properly stated the issue as being whether an innocent purchaser of a stolen motor vehicle has an insurable interest therein so as to permit recovery under an insurance policy insuring against loss by collision, fire or theft. After considering the question, said court held that "an innocent purchaser of a stolen vehicle has an insurable interest therein on the basis the purchaser holds a right of lawful possession against anyone except the true owner" and because said purchaser "has an economic interest in protecting his purchase price."

As a result of this holding, INA and Exchange Mutual Insurance Company peti-

tioned this Court for the Writ of Certiorari which we granted. The sole issue for our determination is whether the Court of Appeals erred in holding that an innocent purchaser of a stolen automobile can have an insurable interest therein.

■ Although the precise question involved herein is one of first impression, there are a number of Tennessee cases that indicate what the proper holding herein should be. For example, in Godwin v. Taenzer, 122 Tenn. 101, 119 S.W. 1133 (1909), this Court held, in part, that the rightful owner of personal property, which is subsequently stolen, does not lose his title to said property because of the felonious taking. *See, e. g.,* Broadway Furniture Co. v. Bates, 170 Tenn. 36, 91 S.W.2d 300 (1935); Creach v. Ralph Nichols Co., 37 Tenn.App. 586, 267 S.W.2d 132 (1953). And in McDaniel v. Adams, 87 Tenn. 756, 11 S.W. 939 (1889), this Court held that the subsequent purchaser of stolen property, however innocent he may be, does not acquire title to the property. *See, e. g.,* Cowan et. al. v. Thompson, 25 Tenn.App. 130, 152 S.W.2d 1036 (1941); Note, 17 Tenn.L.Rev. 272 (1941). The aforementioned rules remain the law in Tennessee, therefore, it necessarily follows that Judy Faye Woods had neither a legal or equitable interest in the stolen vehicle; but rather, she had only a bare possessory interest therein.

In addition to the foregoing line of cases, there is a second line of cases following Cherokee Foundries, Inc. v. Imperial Assur. Co., 188 Tenn. 349, 219 S.W.2d 203 (1949), wherein this Court stated that:

"A person has no insurable interest in a thing where his only right arises under a contract which is void or unenforceable either at law or in equity."

In addition to Cherokee Foundries, Inc., *See, e. g.,* 7 Am.Jur.2d, Automobile Insurance § 12 and authorities cited therein.

■ In the instant case, it is clear that Judy Faye Woods' sole interest in the stolen automobile was that of possession. Moreover, this right of possession arose out of an unenforceable contract with Cliff Pettit Motors Co. We conclude that the contract was unenforceable by virtue of the fact that Judy Faye Woods could have properly rescinded the contract due to Cliff Pettit Motors' breach of the warranty of title. T.C.A. § 47–2–312; *See generally,* Anderson, Uniform Commerical Code, § 2–312:9 (Supp.1973). Thus the instant case clearly falls within our statement in the Cherokee Foundries, Inc. case, *supra,* concerning insurable interests.

■ With the foregoing in mind, we conclude and specifically hold that a good faith purchaser for value of a stolen automobile has no insurable interest in the stolen vehicle, and therefore cannot recover under his insurance policy for its loss or destruction. This holding is in accord with most other jurisdictions that have considered the question. *See, e. g.,* So. Farmers Mut. Ins. Co. v. Mtr. Finance Co., 215 Ark. 601, 222 S.W.2d 981 (1949); Napavale, Inc. v. United Nat. Indem. Co., 169 Cal.App.2d 119, 336 P.2d 984 (1959); Gen. Fire and Casualty Co. v. Kuffrey, 115 Ga. App. 121, 153 S.E.2d 590 (1967); Hessen v. Iowa Automobile Mut. Ins. Co., 195 Iowa 141, 190 N.W. 150 (1923); *Contra,* Skaff v. United States Fidelity and Guaranty Co., 215 So.2d 35 (Fla.App.1968); Savarese v. Hartford Fire Ins. Co., 99 N.J. L. 435, 123 A. 763 (1924); Scarola v. Ins. Co. of North America, 31 N.Y.2d 411, 340 N.Y.S.2d 630, 292 N.E.2d 776 (1972); Barnett v. London Assur. Co., 138 Wash. 673, 245 P. 3 (1926). *See generally,* 33 A.L.R. 3d 1421 (1970).

Having so held, it necessarily follows that the Court of Appeals is reversed and this cause is remanded back to the Chancery Court for enforcement of its decree.

DYER, C. J., and CHATTIN, McCANLESS, and FONES, JJ., concur.

OPINION ON PETITION TO REHEAR

W. M. LEECH, Special Justice.

Respondent, Cliff Pettit Motors, has filed a petition to rehear wherein three contentions are made. The first is that our decision is not equitable in that "a result opposite to that reached by the Court" should have been reached. The second, simply stated, is that this "Court failed to consider six issues properly before the Court".

■ In response to these aforementioned contentions, the case of Mitchell v. Garrett, 510 S.W.2d 894 (Tenn.1974), wherein Supreme Court Rule No. 32 is cited, controls. Therein we said:

"A rehearing will be refused where no new argument is made, and no new authority adduced, and no material fact is pointed out as overlooked."

Applying said rule to Respondent's first and second contention, it is apparent that they are wthout merit and provide no basis for a petition to rehear.

Respondent's third contention is that:

"By its (this Court's) decision, enforcing such a judgment for the total amount paid by Miss Woods, the Court has indirectly, and without reference or citation, expressly overruled the holding found in Moore v. Howard Pontiac-American, Inc., 492 S.W.2d 227 (Ct.App.1973)."

Although this case and the case of *Howard Pontiac-American,* supra, are similar, they are clearly distinguishable. They can be distinguished first by the fact that *Howard Pontiac-American* is a Uniform Commerical Code case brought specifically pursuant to a statute, T.C.A. § 47–2–608. The instant case, however, is a case of multiple conversions brought pursuant to common law rules of law. Moreover, and more significantly, in *Howard Pontiac-American,* the automobile dealer had an interest in the vehicle which it sold to Moore. In the instant case, Cliff Pettit

Motors had no interest in the vehicle that it converted, therefore it is not entitled to a credit for the brief time the automobile was used by the buyer, Miss Woods.

With these two distinctions in mind we hold that Respondent's third contention is also without merit, and it necessarily follows that the petition to rehear is denied.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.