Bentley Kassal, J.
The critical issue herein is whether plaintiff was an innocent purchaser of a stolen automobile (giving him an insurable interest in the vehicle sufficient to recover on his automobile theft policy).
FACTS
The evidence offered on trial, with respect to this issue may be summarized as follows:
The plaintiff is an experienced and apparently successful businessman in the field of life insurance. On two previous occasions while living in Ohio, automobiles had been stolen from him — one he rented and the other he owned. He had purchased the automobile involved herein through an individual known to him for two years only in his capacity as a restaurant maitre d’. The maitre d’ informed him for the first time on the occasion of the sale that he was also a part-time auto salesman for a garage (the claimed owner of the vehicle).
Several circumstances surrounding this sale are noteworthy:
1. The plaintiff purchased the car for $5,400, paid entirely in cash;
2. A new certificate of title was delivered to him in his own name, directly from the seller, although the normal procedure in the State of Ohio (where the vehicle was purchased) was for the purchaser only to receive an endorsed copy of the seller’s certificate of title. A new certificate of title would be issued by the Department of Motor Vehicles. The plaintiff admitted that he was familiar with this procedure, but stated the salesman told him that he had taken care of the transfer and issuance of new title for him;
3. The certificate of title plaintiff received did not have his correct address (in fact, the address it bore did not exist).
*266 4. There was an obvious alteration on the face of the certificate of title;
5. Plaintiff had been told the car had been used for 8,000 miles. However, the tires were very badly worn and plaintiff stated that he knew the tires should last for 30,000 — 40,000 miles.
6. As stated previously, plaintiff never knew the "salesman” in any other capacity, prior to the date of this transaction, except as a maitre d\
LAW
The law is clear that an innocent purchaser of an automobile has an insurable interest in it. (Scarola v Insurance Co. of North Amer., 31 NY2d 411.) Where the plaintiff does not establish that he was an innocent purchaser, however, he has no insurable interest sufficient to enforce a contract of insurance under section 148 of the Insurance Law. (Perrotta v Empire Mut. Ins. Co., 35 AD2d 961 [cited with approval in Scarola v Insurance Co. of North Amer., supra, p 414]; Lindner v Hartford Fire Ins. Co., 33 AD2d 686.)
While there appear to be no reported decisions in this jurisdiction construing the term "innocent purchaser”, it may be defined, in general, as one who by an honest contract purchases property without knowledge or means of knowledge sufficient to charge him in law with notice of any infirmity in the title of the seller. (See 43 CJS, Innocent Purchaser, p 1203.) In other words, the purchaser must have no reasonable basis to suspect that the person from whom he purchased the property did not have good title. (Cf. Treit v Oregon Auto. Ins. Co., 262 Ore 549, 551.)
CONCLUSION
On the basis of the circumstances surrounding the purchase of this automobile, as related above, I find that the plaintiff had sufficient notice that this was not an ordinary straight forward transaction and had a duty to make further inquiry. Although no single factual item set forth above may have been sufficient to put him on notice, the combination of these factors did. Certainly means were available to verify whether the seller had good title and his failure to do so was unreasonable on these facts.
*267 DECISION
The plaintiff has failed to sustain the burden of establishing that he was an innocent purchaser and may not recover on his action to enforce the insurance contract. This determination is without prejudice to plaintiff’s right to recover any unearned premiums paid for automobile theft insurance.
Judgment for defendant.