**Woody Joe DUNCAN, Petitioner,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Respondent.**

Supreme Court of Tennessee.

Oct. 1, 1979.

Jerry Shattuck, Clinton, for petitioner.

Don A. Layton, Oak Ridge, for respondent.

OPINION

BROCK, Justice.

The sole issue presented for our decision in this case is whether an innocent purchaser for value of a stolen automobile acquires an insurable interest in the vehicle sufficient to validate a policy of insurance against its damage or loss by collision. We hold that he does and overrule the decision in *Insurance Co. of No. Am. v. Cliff Pettit Motors, Inc.,* Tenn., 513 S.W.2d 785 (1974), which held to the contrary.

Petitioner, Duncan, who was engaged in the business of hauling coal in Anderson County, purchased a tractor-trailer rig from a seller in Alabama, a non-title state. Duncan arranged to finance the purchase by means of a loan from the City and County Bank of Anderson County, Tennessee, N.A., to whom he executed and delivered a promissory note and a security agreement pledge of the vehicle as security for payment of the note. Upon purchasing the tractor-trailer Duncan purchased a policy of collision insurance from the respondent, State Farm Fire and Casualty Company, which contained a loss payable clause in favor of the bank. After the tractor-trailer rig was used by Duncan for approximately six months in his coal hauling business, it was destroyed in a single vehicle collision accident. Duncan immediately notified the respondent insurance company and made claim for the loss but the insurance company declined to pay the claim upon the ground that the vehicle had been stolen prior to its purchase by Duncan and that Duncan had no insurable interest in the vehicle.

Duncan became delinquent in making payments on the purchase money note and the bank brought suit against Duncan to collect $12,727.98 plus attorney's fees of $1,500.00. Duncan admitted his obligation to the bank but filed a third party complaint against the insurance company seeking to recover the collision loss under the policy. The Chancellor entered a decree in

favor of the bank against Duncan for the amount owing on the note and the attorney's fees above mentioned and also awarded to Duncan a recovery against the insurance company for the amount of the judgment which he had rendered against Duncan in favor of the bank.

From this decree of the Chancellor, both Duncan and the insurance company appealed to the Court of Appeals, Duncan asserting that he was entitled to recover the full amount of the fair market value of the tractor-trailer rig, $19,650.00, from the insurance company, and the insurance company asserting that the trial court had erred in finding that Duncan had an insurable interest and in awarding any recovery at all on the policy. The Court of Appeals, considering that the decision of this Court in *Insurance Co. of No. Am. v. Cliff Pettit Motors, Inc., supra*, was controlling, reversed the judgment of the Chancellor in favor of Duncan and against the insurance company, holding that Duncan had acquired no insurable interest in the destroyed tractor-trailer rig. Judge Sanders, in a separate opinion, reluctantly concurred in the result only, criticizing the decision in *Insurance Co. of No. Am. v. Cliff Pettit Motors, Inc., supra*. We granted the petition for certiorari filed by Duncan.

■ It is, of course, essential to the validity of a contract of insurance that the insured have an "insurable interest" in the property insured; otherwise, the contract amounts to no more than a wager and is void because of violation of pubilc policy. *Vinson v. Mills*, Tenn., 530 S.W.2d 761 (1975); *Cherokee Foundries v. Imperial Assur. Co.*, 188 Tenn. 349, 219 S.W.2d 203, 9 A.L.R.2d 177 (1949); *Aetna Insurance Co. v. Miers*, 37 Tenn. 139 (1857).

We have for many years in this State followed the principle that one has an insurable interest in property if by its continued existence he will gain an advantage, or if by its damage or destruction he will suffer a loss, whether or not he has any title in, lien upon or possession of the property. *Cherokee Foundries v. Imperial Assur. Co., supra; Pappas v. Insurance Co. of State of Pa.*, 54 Tenn.App. 633, 393 S.W.2d 298 (1965); *Isabell v. Aetna Insurance Company, Inc.*, Tenn.App., 495 S.W.2d 821 (1971). This principle was further liberalized by our decision in *American Indemnity Co. v. Southern Missionary Col.*, 195 Tenn. 513, 260 S.W.2d 269, 39 A.L.R.2d 714 (1953) in which it was held that it was not necessary to show for a certainty that the insured would sustain economic injury from loss of the insured property but that it was sufficient that loss of the property might subject the insured to such injury. These holdings are in accord with the decisions of other courts throughout the country. *See*, 43 Am.Jur.2d *Insurance* § 466 (1969); 44 C.J.S. *Insurance* § 175 (1945).

■ Upon thorough reconsideration of the issue, we have concluded that the Court erred in *Insurance Co. of No. Am. v. Cliff Pettit Motors, Inc., supra*, in holding that "a good faith purchaser for value of a stolen automobile has no insurable interest in the stolen vehicle, and therefore cannot recover under his insurance policy for its loss or destruction." Clearly, such a purchaser stands to benefit from the continued existence of such a vehicle because of the continued availability of its use to him unless and until the true owner reclaims it; and, he runs the risk of pecuniary loss by its destruction not only because of the loss of its use, but also because, as a constructive bailee of the property, he may incur liability to the true owner for the value of the vehicle, in the event the true owner makes a claim for its return and he is unable to make delivery because it is destroyed.[1] Al-

---

1. An innocent purchaser of stolen property is liable to the rightful owner for the proceeds received from its resale. *McDaniel et al. v. Adams*, 87 Tenn. 756, 11 S.W. 939 (1889); *Creach v. Ralph Nichols Co.*, 37 Tenn.App. 586, 267 S.W.2d 132 (1954).

It is the rule, generally, that anyone who has made himself responsible for the safety of personal property has a sufficient interest in it to enable him to obtain insurance upon it. *Baird v. Fidelity-Phenix Fire Ins. Co.*, 178 Tenn. 653, 162 S.W.2d 384, 140 A.L.R. 1226 (1942); 43 Am.Jur.2d *Insurance* § 469 (1969); 8 Am.Jur.2d *Bailments* § 125 (1963).

though there are some decisions to the contrary, we conclude that the better, more just rule is to recognize an insurable interest in such cases. The modern trend of authority is in this direction. *See, Skaff v. United States Fidelity & Guaranty Company*, Fla., 215 So.2d 35 (Fla.App.1968); *Scarola v. Insurance Co. of No. America*, 31 N.Y.2d 411, 340 N.Y.S.2d 630, 292 N.E.2d 776 (1972); *Barnett v. London Assur. Corporation*, 138 Wash. 673, 245 P. 3 (1926); *Savarese v. Hartford Fire Ins. Co.*, 99 N.J.Law 435, 123 A. 763 (1924); *Horton v. State Farm Fire & Cas. Co.*, Mo.App., 550 S.W.2d 806 (1977); *Gordon v. Gulf American Fire and Casualty Company*, 113 Ga. App. 755, 149 S.E.2d 725 (1966); *Simon v. Travelers Ins. Companies*, 85 Misc.2d 264, 378 N.Y.S.2d 870 (1975). *National Sec. Fire & Cas. Co. v. Hester*, 292 Ala. 592, 298 So.2d 236 (1974).

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for entry of a decree that Woody Joe Duncan recover of State Farm Fire and Casualty Company the sum of $19,650.00, the stipulated value of the insured tractor and trailer vehicles and for such other proceedings as may be proper in the premises.

Costs of appeal are adjudged against respondent, State Farm Fire and Casualty Company.

FONES, COOPER and HARBISON, JJ., and HUMPHREYS, Special Justice, concur.