NATIONAL LIBERTY INSURANCE CO. v. C. A. ROGERS.

Western Section. February 26, 1926.

No petition for Certiorari was filed.

1. Insurance. Mortgagee has an insurable interest in property.

It is well settled in Tennessee that a mortgagee has an insurable interest in property.

2. Insurance. Party having an insurable interest may recover in the face of unconditional ownership clause.

In an action by a mortgagee to recover on an insurance policy which contained an unconditional ownership clause, held that the mortgagee having an insurable interest, his recovery will not be defeated by an unconditional ownership clause.

3. Insurance. Failure to disclose circumstances not material to the risk does not avoid the policy.

In an action to recover on an insurance policy where the defense was based upon the failure to disclose a lien held that the failure to disclose the lien was not a circumstance material to the risk and would not avoid the policy.

Appeal from Chancery Court, Dyer County; Hon. V. H. Holmes, Chancellor.

Affirmed.

Draper & Rice, of Dyersburg, Tyne, Peeblis, Henry & Tyne, of New York City, for plaintiff in error.

W. H. Ward, of Dyersburg, for defendant in error.

HEISKELL, J. This is a suit commenced by original bill filed in the chancery court at Dyersburg, Tennessee, on the 19th day of June, 1924, by the plaintiff in error, National Liberty Fire Insurance Company of America, hereinafter called "complainant" against the defendant in error, C. A. Rogers, hereinafter called the "defendant" seeking a perpetual injunction against the defendant restraining him from bringing any suit or taking any steps whatever to enforce the collection of a certain insurance policy, the subject-matter of the litigation, and seeking further to have the said insurance policy declared void, invalid and unenforcible.

To this original bill the defendant, C. A. Rogers, on June 28, 1924, demurred, which demurrer was by the court overruled. Thereupon, the defendant, on July 9, 1925, filed his answer and cross-bill seeking a collection of the face amount of the policy, together with interest and a penalty of twenty-five per cent (25%), as provided by statute. At the hearing of the cause the court rendered judgment in favor of the defendant, C. A. Rogers, for $1,000, together with in-

terest, making a total of principal and interest, $1,060.05. Motion for new trial was seasonably made and overruled, and the case is now before this court for review.

We think it is not necessary to notice further the rather voluminous pleadings in this case in order to clearly state the question to be decided.

The case came on to be heard before the Chancellor and a jury. At the conclusion of all the proof the court discharged the jury for the reason that there was no disputed question of fact to be submitted to it and rendered the following written finding of facts:

"On February 20, 1920, B. H. Myers became indebted by note to the Citizens Bank. This note was secured by a deed of trust, conveying the property covered by the insurance policy here in question. The note was transferred to defendant, C. A. Rogers. About March 26, 1924, default having been made in respect to the note, the property conveyed in trust and covered by this insurance policy was replevied by the trustee, advertisements of sale had been posted.

"On the 26th day of March, 1924, C. A. Rogers fully informed W. J. Jenkins recording agent at Dyersburg, of complainant Company, in respect of the facts hereinabove set out. Thereupon the policy of insurance was issued. The defendant C. A. Rogers has had a great many insurance policies and says that he is familiar with the usual conditions and provisions of fire insurance policies.

"Thereafter, and on the 5th day of April, 1924, the property covered by the policy was wholly destroyed by fire.

"Before the filing of the bill the insurance company tendered back to C. A. Rogers the premium which he had paid. This tender was declined.

"Two hundred and fifty dollars is a reasonable fee for solicitor for C. A. Rogers in this cause.

"There is no proof that the refusal of the insurance company to pay the policy was not in good faith."

The policy involved contains the following provisions:

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no officer, agent or representative of this Company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions, no officer, agent, or representative shall have such power or be deemed or held to

have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.''

Among the conditions and stipulations printed upon the back of said policy are the following:

''This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership; or if with the knowledge of the insured, foreclosure proceedings be commenced or notice of sale of any property covered by this policy by virtue of any mortgage or trust deed; or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of this insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise.''

The court upon said facts rendered a decree in favor of Rogers defendant and cross-complainant for the face of said policy, $1,000 with interest and costs. Motion for new trial was overruled and the complainant has appealed and assigned errors as follows:

## I.

The court erred in failing upon the undisputed facts to dismiss the cross-bill and grant the relief prayed for by the complainant and the cross-defendant in the original bill.

## II.

There is no evidence to support the judgment and decree of the court.

## III.

The court erred in failing to declare the policy sued on to be void, invalid and unenforcible.

## IV.

The court erred in failing to perpetually enjoin the said C. A. Rogers, his agents and attorneys from instituting any suit, or taking any steps whatever to enforce the collection of the insurance policy sued on in this case.

## V.

The court erred in rendering judgment against the complainant and cross defendant for $1,060.05, together with the costs of the case.

## VI.

The court erred in rendering any judgment whatsoever against the complainant and cross-defendant.

## VII.

The court erred in taxing the complainant and cross-defendant with the costs of the case.

It can easily be seen that the sole question in the case is whether or not C. A. Rogers the insured is entitled to recover on said policy. But for the injunction bill the suit would have been brought by Rogers against the Insurance Company. But the issue is the same. The complainant Company insists that Rogers was not the unconditional and sole owner of the property insured and that the agent had no authority to waive any condition of the policy, therefore the policy should be held void and the insured enjoined from suing. The answer and cross-bill asserts the right to recover and so the issue is made.

The facts which are undisputed may be stated somewhat more fully than by the Chancellor but they are not in conflict with the findings.

On February 20, 1920, B. H. Myers became indebted by note to the Citizens Bank. This note was secured by a deed of trust conveying the property covered by the insurance policy here in question. The note, immediately upon its execution, was transferred to the defendant, C. A. Rogers, by the said Citizens Bank; he, in fact, furnished the money that was loaned to the said B. H. Myers.

About March 26, 1924, default having been made in respect to the note, the property conveyed in trust and covered by this insurance policy, was replevied by the trustee and the said C. A. Rogers. A trial was had before the justice of the peace and the possession of the said property was given to the defendant, C. A. Rogers, and the trustee in the said deed of trust, and the property was turned over by the officer and by the trustee in the deed of trust to the said defendant, C. A. Rogers, and he had possession of the same.

Defendant was advised by his attorney W. H. Ward to take out insurance on the property and to state all facts in regard to ownership and possession of property to the insurance agent and this defendant Rogers did to W. J. Jenkins the recording agent of the complainant Company at Dyersburg. The note and deed of trust being in the hands of said W. H. Ward as attorney, for collection he caused the property to be advertised for sale under the deed of trust. It is not denied that Jenkins the recording agent knew all these facts.

Under said state of facts the complainant Company insists that according to the terms of the policy three of the conditions had been violated.

1st.   That the said C. A. Rogers was not the sole and unconditional owner of the property;

2nd.   That the property was personal property and was at the time the insurance policy was issued encumbered by a chattel mortgage; and.

3rd.   That, with the knowledge of the insured, foreclosure proceedings had been commenced and notice given of the sale of the property covered by the policy by virtue of a mortgage or trust deed.

Complainant also insists that the agent had no authority to waive any of these conditions.

The defendant, the insured, contends that he was the mortgagee in possession of the property which was not of sufficient value to pay his debt; that he was also bailee and that by virtue of the property being turned over to him by the trustee, he was in the position of a receiver.  That therefore he had an insurable interest and can recover, according to the authorities, notwithstanding the conditions of the policy.  That is to say, that having an insurable interest the authorities hold that the insured can recover upon a form of policy like the one in question in the present case.

It is beyond controversy that defendant had an insurable interest in the property in question.  Aetna Ins. Co. v. Miers, 5 Sneed, 139; Bennett v. Featherstone, 2 Cates, 27; Gleason v. Insurance Company, 19 Cates, 28; Harrison v. Fortlage, 40 Law Ed. (U. S.), 619; California Ins. Co. v. Union Companies, 33 U. S., 730, 26 Corpus Juris, pp. 18-22.

But does the having an insurable interest entitle the insured to recover in the face of conditions like those in the present policy.

In the case of Insurance Company v. Estes, 106 Tenn., 472, the form of policy was just like the one involved in the present case so far at least as is material to the question before us.  That was a case of real estate and this is one of personal property but that can make no difference.  The headnote of that case is:

"The existence of an undisclosed vendor's lien upon insured property, and the institution of proceedings, with the insured's knowledge, to enforce it, does not operate to render a policy void which contains this provision, to-wit: 'This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void .. . . if the interest of the insured be other than unconditional or sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple; or if, with knowledge of the insured, foreclosure proceedings be commenced with notice given of sale of any prop-

erty covered by the policy by virtue of any mortgage or trust deed.' ''

Insurance Company v. Estes, cites with approval the following cases: Delahay v. Memphis Ins. Co., 8 Hum., 684; Manhattan Ins. Co. v. Barker, 7 Heis., 504; Insurance Co. v. Crockett, 7 Lea, 725; Light & Co. v. Insurance Co., 21 Pickle, 480, and the substance of the four cases is well stated as follows:

"In Delahay v. Memphis Ins. Co., 8 Hum., 684, it was held that a failure on the part of assured to disclose the existence of a mortgage on the property is not a circumstance material to the risk, and will not avoid the policy. The reason given for the ruling is that a mortgage or deed of trust is only a security for the debt, and if the property be destroyed the debt remains, so that the assured has as much interest in protecting the property as if there were no encumbrance on it.

"In the case of Manhattan Ins. Co. v. Barker, 7 Heis., 504, it was a condition of the policy that it should be void if the interest of the insured in the property be any other than the entire, unconditional, and sole ownership of the property for the use and benefit of the insured, and this be not represented to the company. It appeared in that case there was an undisclosed vendor's lien on the goods sold, but the court held that fact did not avoid the insurance.

"It was held that the equitable owner of property is 'the entire and sole owner' within the meaning of the policy. The reasoning of the court was that if the existence of a lien by a regular mortgage undisclosed does not vitiate a policy, then one based merely on the retention of title by the vendor would have no more effect.

"So in Insurance Co. v. Crockett, 7 Lea, 725, the policy provided, as in this case, that 'if the interest of the insured in the property be any other than entire, unconditional, and sole ownership for the use of the insured, or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void.' It appeared that the assured only had a title bond to the premises. Held, the policy was not avoided, inasmuch as the failure to disclose the fact that the property was encumbered, was not material to the risk. The same principles were reaffirmed by this court in Light & Co. v. Insurance Co., 21 Pickle, 480.''

In the case of Delahay v. Memphis Ins. Co., 8 Hum., 684, it does not appear that the insurance policy contained the conditions invoked in the present case but in all the other cases as in the case of Ins. Co. v. Estes, those conditions did exist. These cases hold that within the contemplation of such a policy, the insured has an equitable title to the property alike whether the legal title has been retained

by his vendor for the purchase price or he has himself conveyed the property by mortgage.

The only distinction to be taken is that the present case is that of a mortgagee instead of a mortgagor. The mortgagee is as much equitable owner as the mortgagor. In many cases the mortgagee may own the whole beneficial interest in the property. If the mortgagor is not able to pay the debt and has no other property and the mortgaged property is worth no more than the debt, then his equity is worth nothing. The interest of the mortgagee is always equal to the value of the property applicable to his debt. His insurable interest may be much greater than that of the mortgagor. There is no reason why the principles laid down in the cases cited should not apply to the defendant and cross-complainant in this case.

It will be noticed that the cases cited hold the failure to disclose the lien is not a circumstance material to the risk and does not avoid the policy. It is therefore immaterial whether the agent in the present case waived or attempted to waive the conditions in the policy relied on by the insurer. This also makes it unnecessary to say anything about the effect of the full disclosures made by the defendant to the agent in this case or about the authority of the agent.

All the assignments of error are covered by what has been said herein. We find no error in the decree of the Chancellor. The assignments are overruled and the decree is affirmed.

Owen and Senter, JJ., concur.