NICHOLAS D. PAPPAS, Appellant, v. The
INSURANCE COMPANY of the STATE OF
PENNSYLVANIA and the NORTH RIVER
INSURANCE COMPANY, Appellees.
—393 S.W.(2d) 298.

Eastern Section. March 10, 1965.

Certiorari Denied by Supreme Court August 16, 1965.

Richard Stair, Knoxville, for appellant.

H. H. McCampbell, Jr., Knoxville, for Insurance Co. of State of Pennsylvania.

W. P. O'Neil, Knoxville, for North River Ins. Co.

PARROTT, J. Dr. Nicholas D. Pappas filed this suit in the Chancery Court seeking recovery on fire insurance policies issued by the defendants on a dwelling which was destroyed by fire, the legal title being in his minor son. The Chancellor entered a decree holding Dr. Pappas did not have an insurable interest in the property and denied the coverage.

Dr. Pappas acquired title to an old log frame house and some 80 acres of land located in Knox County on February 1, 1947. Shortly after the purchase of the property, he had torn away the old kitchen and back porch, and a two-story frame addition was erected with the remainder being modernized. After the purchase, and apparently before the addition was constructed, Dr. Pappas purchased a $5,000.00 fire insurance policy with The North River Insurance Company. The policy in question is a renewal policy issued April 3, 1956.

On October 22, 1957, he executed a warranty deed to the entire property to his then six-year-old son, Nicholas

D. Pappas, Jr., which deed was recorded on November 3, 1958. His reasons for executing this deed was that it was a Greek custom and he was fearful that his wife's expensive habits might dissipate his estate and he would not be able to provide an education for his son.

On January 27, 1959, he purchased an additional fire insurance policy from The Insurance Company of the State of Pennsylvania in the amount of $7,000.00. He never gave notice to either of the insurance companies that he had deeded the property to his son.

A fire occurred on March 24, 1958, completely destroying the house. Subsequent to the loss, The North River Insurance Company issued a draft in the amount of $5,000.00, but upon learning that Dr. Pappas no longer was the owner of the property, stopped payment on the draft. The Pennsylvania Company tendered the premium paid to Dr. Pappas who returned same and demanded the company pay the coverage of the policy.

This is a rather lengthy record with much of the proof pertaining to Dr. Pappas' contentions throughout the trial that there were two separate buildings; that the North River policy was on the old structure and the Pennsylvania Company policy was on the new structure and these structures were separate. The Chancellor found from the proof, and we concur, that the building constituted one structure.

The proof shows that the foundation for the new structure was laid adjacent to the old structure. The wall was abutted and nailed to the old structure. The roofs were joined and there was a door from one house to the other.

Both policies are standard and contain a forfeiture provision if the insured has misrepresented or concealed his interest in the property covered by the policy.

The appeal here raises several questions, the prime one being: Did Dr. Pappas have an insurable interest in this property after he had conveyed it to his minor son? The Chancellor, in his memorandum opinion, found there was no insurable interest.

It has been said that an insurable interest in property is not very clearly and distinctly settled, but the general rule appears to be stated in Commercial Standard Ins. Co. v. Paul, 35 Tenn.App. 394, 245 S.W.(2d), at page 780:

"Any person has an insurable interest in property, by the existence of which he will gain an advantage, or by destruction of which he will suffer a loss whether he has or has not any title in, or lien upon, or possession of the property. Cherokee Foundries, Inc., v. Imperial Assurance Co., 188 Tenn. 349, 219 S.W.(2d) 203, 9 A.L.R.(2d) 177."

See also: 44 C.J.S. Insurance sec. 175b; Vol. 4 Couch on Insurance 2d 24:13.

The Tennessee Courts have held that the following are an "insurable interest": Owners of one-half of a party wall—Nelson v. Continental Insurance Co., 6 Cir., 182 F. 783, 31 L.R.A.,N.S., 598; Stockholder—American Indemnity Co. v. Southern Missionary College, 195 Tenn. 513, 260 S.W.(2d) 269, 39 A.L.R. 714; Executors and Administrators—Baird v. Fidelity-Phenix Fire Insurance Co., 178 Tenn. 653, 162 S.W.(2d) 384, 140 A.L.R. 1226;

Interest of husband in wife's estate—Gleason v. Prudential Fire Insurance Co., 127 Tenn. 8, 151 S.W. 1030; Mortgagee—National Liberty Insurance Co. v. Rogers, 2 Tenn.App. 253; Husband of divorced wife when acting as agent—Phoenix Insurance Co. v. Brown, 381 S.W.(2d) 573, 53 Tenn.App. 240, and many other instances too numerous to mention.

Counsel has not cited in their briefs any case in any jurisdiction where the relationship of parent gives an insurable interest to the parent in property solely owned by his minor child when the said parent is not acting as agent or guardian. In our search we found one case which is similar, Raney et al. v. Home Insurance Co., 213 Mo. App. 1, 246 S.W. 57, where the court held that there was no insurable interest in the father when he had conveyed land to his minor son to defeat the possibility of a judgment. The court rejected the theory that the father was the equitable owner and, although the deed was void against creditors, it was binding between father and son and the father did not have an insurable interest.

■ ■ We find the following statement in 29A Am.Jur. Sec. 829 under Insurance, which we think is applicable to this case:

"Obviously, a policy of insurance with a forfeiture provision in the event the insured property is sold or conveyed without the assent of the insurer ceases to be binding if the insured voluntarily parts with his entire interest in the property without having obtained such assent. If the owner parts with the whole legal title, it makes no difference whether the consideration is of substantial value or merely the technical consideration imported by the execution of the deed, and the

policy is equally void although the conveyance is by a husband to his wife.''

In the case of American Steam Laundry Co. v. Hamburg-Bremen Fire Insurance Co., 121 Tenn. 13, on page 17 of the opinion, 113 S.W. 394, on page 395, 21 L.R.A., N.S., 442, our Supreme Court said:

''The property having passed to other persons without obtaining the consent of the insurance company, and the transfer of the policy, the property was no longer protected. A fire insurance policy is a contract of personal indemnity made with the individual protected, and does not go with the property as an incident thereto to any person who may buy that property. If it goes at all, it goes as a matter or contract for the transfer of the policy.''

In the case at bar, Dr. Pappas, on his own volition, transferred this property to his minor son without advising the insurance companies. There seems to be little doubt he knew the transfer of this property divested him of his interest for one of the reasons he gave for making the transfer was to put the property beyond the reach of his wife. As we see it, his only rights now in the property would be the possibility of inheritance, under certain circumstances, provided he survives his son. We cannot say this mere possibility would be one from which he would derive a pecuniary benefit or advantage from the property's preservation, neither can we say the destruction of the property would be a loss to Dr. Pappas. The burning of the house was undoubtedly a loss to the one who owned it. While Dr. Pappas may be affectionately concerned about his son's property, we do not see that he has any pecuniary interest in it, legal or equitable,

or that he has suffered any loss by the destruction of the property which would be insurable in his own name.

The decree of the Chancellor is affirmed with the costs taxed to the appellant.

McAmis, P. J., and Cooper, J., concur.