Ted **ISABELL** and wife, Alma Isabell, Complainants-Appellees,

v.

**AETNA INSURANCE COMPANY, INC.,** Defendant-Appellant.

Court of Appeals of Tennessee, Western Section.

Sept. 22, 1971.

Certiorari Denied by Supreme Court Feb. 22, 1972.

E. J. Nunn, Schneider & Schneider, Jackson, for defendant-appellant.

James H. Boswell, Jackson, for complainants-appellees.

CARNEY, Presiding Judge.

Honorable William M. Leech of Charlotte, Tennessee, Chancellor of the Sixth Chancery Division, sitting by interchange for Chancellor E. Brooks McLemore, awarded judgment in favor of the complainants Ted Isabell and wife against the defendant, Aetna Insurance Company, for $7,476.35 together with interest and costs of the cause.

Aetna had refused to pay a fire loss sustained by Isabell and wife when their new dwelling being constructed burned on January 13, 1966. A standard fire policy with Builder's Risk Endorsement was issued by local agent Pope, Russell, Overall Agency of Jackson, Tennessee, showing Ted Isabell and wife as insured with loss payable to Farmers Home Administration as mortgagee. Farmers Home Administration financed the home.

The dwelling was 75% complete and no question is made as to the amount of the fire loss. Aetna Insurance Company refused to pay the loss on the contention that complainant Isabell and wife had sustained no compensable loss because they were not legally obligated to pay the contractor, Lee Lester, for the house until it was completed and accepted. The builder, Lee Lester, was not named as an insured in the policy.

Aetna is the only appellant. Assignments of error I, II, and III all make the one insistence that the Chancellor erred in rendering judgment against Aetna in any amount. By assignment of error No. IV Aetna insists that since the Chancellor dismissed the bill as to agent Pope, Russell, Overall Agency a judgment cannot stand against the principal, Aetna Insurance Company.

The only disputed question of fact upon the trial below was whether the complainant Ted Isabell told Mr. Benford of Pope, Russell, Overall Agency the name of the contractor, Lee Lester. Mr. Overall, one

of the officials of the agency along with Mr. Benford, testified that the complainants did not mention the name of the contractor. The complainant Isabell testified that he did. The Chancellor found as a fact that Isabell did mention the name of the contractor but that Mr. Benford and/or Mr. Overall deemed the matter of such little consequence that they did not remember it. We agree with the Chancellor that whether Lester's name was or was not mentioned is not determinative of the case. If the agent deemed the name of the builder important, he should have asked the insured, Isabell, his name.

The salient uncontradicted facts are that sometime in September, 1965, the complainants, Isabell and wife, made application with the Farmers Home Administration for a loan to build a dwelling on their lot in Madison County, Tennessee. On September 21, 1965, upon a printed form entitled "Construction Contract" apparently furnished by the Farmers Home Administration, Ted Isabell entered into a written contract with Lee Lester d/b/a Home Improvement Company, for the construction of the home to cost $8,850 according to specifications described in the contract and furnished by the Farmers Home Administration. The provision of the contract for the payment to Lester was contained in the following paragraph:

"(C) The Owner will make payments as follows: Payment will be made in ONE-LUMP SUM for the whole contract, upon acceptance by owner and the Farmers Home Administration, of all work required hereunder and compliance by the contractor with all terms and conditions of this contract."

The written contract contained no mention of insurance. Sometime during the month of November, 1965, the loan application was approved and approximately $9,000 set aside in a special account by Farmers Home Administration to pay for the dwelling when constructed. Mr. Norfleet, the manager of the FHA office, instructed Isabell that he, Isabell, was required to furnish insurance on the property from the time material was delivered to the lot until the construction was completed and he gave Mr. Isabell the names of three insurance agencies in the city of Jackson which were acceptable to FHA. The FHA uniformly required a standard mortgage clause protecting the FHA. This form was furnished by FHA to the several insurance agencies writing policies on dwellings being financed by the FHA. The FHA required the owner to carry full insurance in every case in which the FHA furnished the funds and did not vary the rule even though the contractor may also have carried a Builder's Risk policy.

On November 22, 1965, Isabell and wife went to Pope, Russell, Overall Agency, one of the agents recommended by Farmers Home Administration, and asked for insurance. A standard fire insurance policy in the principal amount of $8,500 was issued by the Aetna Insurance Company. The policy was for one year and bore a "Dwelling Builder's Risk Endorsement" along with a "Builder's Risk Completed Value Form." Also attached was the Insurance Mortgage Clause in favor of the Farmers Home Administration. Ted Isabell and wife were shown on the policy as insureds and the contract did not contain any limitation or restriction as to the type of construction contract.

After construction was 75% complete the dwelling was destroyed by fire and the complainants made demand upon Aetna for payment of the loss. After Aetna examined the written contract between the complainants Isabell and wife and the builder, Lee Lester, Aetna refused to pay the loss. Aetna contended that the complainants Isabell and wife were not obligated under the contract to pay Lester for the dwelling until it was completed and accepted and Lester was not named in the policy.

Lee Lester then filed suit in the Chancery Court of Madison County against the complainants, Ted Isabell and wife, against

Aetna Insurance Company, Inc., against Pope, Russell, Overall Agency, Inc., and against Clarence Norfleet, manager, and the Farmers Home Administration. The builder, Lee Lester, averred in his original bill that it was agreed orally between him and Isabell that Isabell would procure an insurance policy to insure the building while the house was under construction and that Lester would be protected thereunder. He averred further that the defendant Norfleet as agent of the Farmers Home Administration advised the owner, Isabell, and the builder not to do any work on the building in question until Isabell had procured insurance against fire and that he was assured that he was protected by insurance.

Lester prayed that the policy issued by Aetna be reformed so as to correct a mutual mistake which resulted in his name being left off the policy as a named insured; that the written contract between Lester and Isabell along with the further agreements to provide insurance and to protect Lester with insurance be included as the whole contract between Lester and Isabell. Further, Lester prayed for a judgment against all the defendants to indemnify him against loss resulting from the fire. The complainant Lester dismissed his bill as to Farmers Home Administration without prejudice. The Chancellor sustained a demurrer of defendant Aetna Insurance Company and Pope, Russell, Overall Agency. Lester did not appeal this order. Subsequent thereto the case went to trial upon the separate answer of the defendant, Ted Isabell.

The Chancellor heard the case upon bill and answer and oral proof and found as a fact that the defendant, Ted Isabell, orally agreed to protect the interest of Lester by insurance and failed to procure said insurance causing complainant Lee Lester a loss of $6,701.65. Chancellor McLemore gave judgment in favor of Lester against Isabell for said amount without prejudice to the rights of Ted Isabell against Pope, Russell, Overall Agency and Aetna Insurance Company. Judgment was entered on September 23, 1968, and became final after thirty days, no appeal having been prayed for.

Thereafter, on March 28, 1969, Ted Isabell and wife, Alma Isabell, filed the present suit in the Chancery Court of Madison County against the defendants, Pope, Russell, Overall Agency, Inc. and Aetna Insurance Company, Inc. The complainant Isabell admitted that he did not tell Mr. Benford of Pope, Russell, Overall Agency what type insurance policy he wanted. He simply related that he was building a house; that FHA was going to finance it; and that Mr. Norfleet of FHA had recommended the Pope agency to him as one of three companies approved by FHA.

Pope, Russell, Overall Agency was thoroughly familiar with the practice in similar cases financed by FHA and the policy was prepared and delivered directly to FHA bearing the printed endorsement required by FHA.

The decree of Chancellor Leech holding Aetna Insurance Company liable on its policy must be affirmed. There is no merit to the insistence by Aetna that since the written contract between the builder, Lee Lester, and the owner, Ted Isabell, contained no provision for insurance, their agreement could not be proven by parol evidence. The parol evidence rule applies only between parties to the written contract and strangers to the contract cannot raise the question of the admissibility of such parol evidence to vary a written contract. Swift v. Beaty (1954), 39 Tenn.App. 292, 282 S.W.2d 655; and State v. Cothron, 21 Tenn.App. 519, 113 S.W.2d 81. The parol evidence rule does not apply where the parol evidence in no way contradicts or alters the terms of the written contract but tends to establish an independent or collateral agreement not in conflict with it. Haynes v. Morton, 32 Tenn.App. 251, 222 S.W.2d 389.

We agree with the learned Chancellor below that the determinative question in

the case at bar was whether or not the owners, Ted Isabell and wife, had an insurable interest in their home covered by the builder's risk policy issued by Aetna Insurance Company.

■ Generally any person who derives benefit from existence of property or who would suffer loss from its destruction has an insurable interest therein and it is sufficient that loss of the property insured not only would, but might, subject the insured to pecuniary injury. American Indemnity Co. v. Southern Missionary College, 195 Tenn. 513, 260 S.W.2d 269.

■ One having the care and custody or possession of property for another without liability and without any pecuniary interest therein may nevertheless obtain insurance thereon for the benefit of the owner. Baird v. Fidelity-Phenix Fire Insurance Co., 178 Tenn. 653, 162 S.W.2d 384.

Chancellor Leech in his memorandum opinion quoted the general rule from American Jurisprudence Second and we copy said sections as follows:

43 Am.Jur.2d Sec. 466, page 507.

"The principle may be stated generally that anyone has an insurable interest in property who derives a benefit from its existence or would suffer a loss from its destruction, whether he has or has not any title in, or lien upon, or possession of, the property. By statute, an insurable interest in property has been defined as every interest in property or any relation thereto or liability in respect thereof which is of such a nature that a contemplated peril might directly damnify the insured."

43 Am.Jur.2d Sec. 470, page 511.

"Many cases have held that a contractor who has agreed to construct, alter, or repair a building or other structure for a stipulated price has an insurable interest therein, whether the payment of the contract price is to be made in instalments as the work progresses or upon completion of the job, at least where there is nothing in the contract exempting the contractor from the obligation to rebuild or complete the building or structure after damage or destruction. Likewise, persons furnishing materials for use in the construction of a building have an insurable interest therein.

"The owner of a building under construction has an insurable interest to the extent of its value, although the loss, in the absence of insurance, would fall on the contractor, and not on the owner. This is because the title to the land carries with it the title to the building as completed. Even where a building is being erected by a contractor for its owner on land owned by a third person, the owner of the building has an interest in the building insurable under a builder's risk policy."

■ Assignments of error I, II, and III are overruled.

■ We see no merit in assignment of error No. IV that the Chancellor was in error in rendering a judgment against Aetna after dismissing the suit as to Pope, Russell, Overall Agency. Aetna is liable in this case on its contract of insurance and not upon the failure of the agent to write a proper contract of insurance. The agent, Pope, Russell, Overall Agency, fully disclosed its principal and did not purport to contract individually, hence the Chancellor properly dismissed such agency. Brown, et al v. Mays, et al, 34 Tenn.App. 632, 241 S.W.2d 871.

Assignment of error No. IV is overruled.

The decree of the Court below is in all things affirmed and judgment with interest to date will be entered. Appellant is taxed with all costs of the cause.

MATHERNE, and NEARN, JJ., concur.