Johnny C. LONG and Crystal Harrison, Co-Executors of the Estate of Carmen C. Long, for the use and benefit of Lambuth College, Plaintiffs,

v.

FEDERATED MUTUAL INSURANCE COMPANY, Defendant.

No. C–75–94–E.

United States District Court, W. D. Tennessee, E. D.

Oct. 4, 1976.

Moss & Benton, George O. Benton, Edwin E. Wallis, Jr., Jackson, Tenn., for plaintiffs.

Menzies, Rainey, Kizer & Alderson, Thomas H. Rainey, Jerry D. Kizer, Jr., Jackson, Tenn., for defendant.

OPINION

McRAE, District Judge.

This suit was brought in the Chancery Court of Madison County, Tennessee, by Johnny C. Long and Crystal Harrison, Co-Executors of the Estate of Mrs. Carmen C. Long, for the use and benefit of Lambuth College to recover from Defendant, Federated Mutual Insurance Company, the proceeds under a certain insurance policy for the total loss destruction of a residence

located at 34 Laurel Lane, Jackson, Tennessee. Subsequently this cause was removed by the Defendant to this Court.

Carmen C. Long died on August 26, 1974; her Last Will and Testament was probated on August 29, 1974, in Madison County, Tennessee. Pursuant to the decedent's Will, the real property and residence located at 34 Laurel Lane was devised to Lambuth College. The Co-Executors of the Estate, after removing most of decedent's personal property, on or about October 1, 1974, turned over to Lambuth College possession of the real property and residence. On November 30, 1974, a fire of unknown origin totally destroyed the residence, the value of which was stipulated by the parties to be in excess of $20,900.00, which was the total amount of insurance coverage provided by the policy issued by the Defendant.

This matter was heard upon Motion for Summary Judgment filed by both the Plaintiffs and the Defendant. In support of their Motions for Summary Judgment, the parties relied upon the pleadings, stipulation of facts, and certain depositions filed as Affidavits. The Court finds that there are no disputed issues of material fact, and that this matter is properly before the Court on Motions for Summary Judgment.

The policy of insurance issued by the Defendant, Federated Mutual Insurance Company, is a standard form fire insurance policy. By its terms, the policy insures "the insured named in the declarations and legal representatives . . . ." Under the General Conditions of the policy, on page 3, the terms of the policy provide as follows in the event of the death of the named insured:

9. DEATH OF NAMED INSURED: In the event of death of the Named Insured, the definition of "Insured" is modified as follows:

a. the Named Insured shall mean:

(1) the spouse, if a resident of the household at the time of such death; and

(2) the legal representative but only with respect to the premises and property of the deceased covered under this policy at the time of such death.

b. Insured shall also include:

(1) any member of the deceased's household who was covered under this policy at the time of such death, but only while a resident of the insured premises; and

(2) with respect to the property of the Named Insured the person having proper temporary custody thereof, but only until the appointment and qualification of the legal representative.

The named insured under the policy in question was Mrs. Carmen C. Long, and the residence was listed as 34 Laurel Lane, Jackson, Tennessee 38310. The policy inception date was March 24, 1974, and ran for a period of twelve months. The premium was paid for twelve months, for the period beginning March 23, 1974; no part of the premium was returned or tendered until after suit was filed in this cause.

The controlling issue of law in this matter is whether the devisee of the named insured, pursuant to the provisions and terms of the policy itself, is entitled to the protection of the policy for a loss which occurred following the death of the named insured, but during the policy period in effect on the date of the named insured's death. The proper ruling on this question of law depends upon the interpretation of the phrase "legal representatives" found in the terms of the policy of insurance itself.

■ As devisee under the Will of Mrs. Carmen C. Long, Lambuth College, for whose use and benefit this suit was brought, had an insurable interest in the residence located at 34 Laurel Lane, Jackson, Tennessee. Therefore, if Lambuth College is entitled to recovery from the defendant in this matter, as the legal representative of the deceased and named insured, such a recovery is not void as against public policy because Lambuth did not have the requisite insurable interest. *Pappas v. Insurance Co. of Pa.*, 54 Tenn.App. 633, 393 S.W.2d 298 (1965).

■ While the term "legal representative" ordinarily refers to an Executor or

Administrator of an Estate, the Courts and writers have given a much broader interpretation of this term where the circumstances have dictated such a broad interpretation is appropriate. In this particular case, the policy of insurance provides that upon the death of the named insured, the definition of named insured is modified to include the "legal representatives." Such language in the policy manifests the intention that the policy is not to terminate upon the death of the named insured, but is to continue in full force and effect. If the policy was intended to terminate upon the death of the named insured, appropriate language to this effect should have been put in the policy.

The Supreme Court of Tennessee in the case *Insurance Company v. Scales,* 101 Tenn. 628, 635, 49 S.W. 743 (1899), interpreted the phrase "legal representatives" in a fire insurance policy. Although the case dealt with the issue of whether an insured could be held responsible for the fraudulent acts of an agent, the Court construed the term "legal representative" to include "parties beneficially interested by law or contract in the policy, such as an assignee, or the Executors, Administrators, and heirs of the assured, and not to persons who are merely agents of the insured."

■ This particular suit was brought by Johnny C. Long and Crystal Harrison, Co-Executors of the Estate of Carmen C. Long, for the use and benefit of Lambuth College. The Court is of the opinion that the suit was properly brought by the Co-Executors of the Estate, but that the recovery sought is for the use and benefit of Lambuth College. The Co-Executors were the proper parties to bring suit in this cause, since the policy of insurance was a chose in action.

*Couch on Insurance,* Second Edition, Section 74–355, provides as follows:

> The personal representative of the insured is the proper party, under a fire insurance policy payable to the insured or his legal representatives, to collect for a loss occurring after the insured's death, there being no statutory or contract regulation to the contrary.

Under a fire policy insuring the property against loss to the owner, or, if deceased, then her legal representatives, the administrator of the estate of the deceased insured may bring a suit to recover for a fire loss subsequent to the death of the insured.

Cases cited in support of the foregoing are *Oldham v. Boston Ins. Co.,* 189 Ky. 844, 226 S.W. 106 (1920); *Dyer v. Standard Fire Ins. Co.* (Mo.App.), 227 S.W.2d 520 (1950).

This Court is of the opinion that Lambuth College, as devisee under Mrs. Carmen C. Long's Last Will and Testament of the real property covered by the policy of insurance, is the "legal representative" of the named insured as intended by the policy of insurance. Accordingly, as the "legal representative," Lambuth College is entitled to the proceeds provided by the policy of insurance in the stipulated amount of $20,900.00, together with interest commencing April 8, 1975, sixty days after the date of the proof of loss, at the legal interest rate provided by the laws of the State of Tennessee. This award of interest is allowed pursuant to T.C.A. § 47–14–107. *Loftis v. Stuyvesant Ins. Co.,* 54 Tenn.App. 371, 390 S.W.2d 722 (1964).

A Judgment will be entered accordingly.