Bucy D. BREWER et ux., et al., Plaintiffs-Appellees,

v.

**VANGUARD INSURANCE COMPANY, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 21, 1980.

Permission to Appeal Denied by Supreme Court April 13, 1981.

James D. Causey and J. Harold Ellis, Memphis, for defendant-appellant.

Floyd E. Hutcherson, Rockwood, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

Plaintiffs, all named insureds in a policy of fire insurance, recovered judgment of $25,000.00 for the loss of the insured dwelling destroyed by fire. Defendant insurance company has appealed, contending the policy was rendered voidable by plaintiffs' concealment, misrepresentation or breach of warranty and conditions.

The plaintiffs are husband and wife, and Mrs. Davis, the mother of the wife. In 1952, plaintiffs, husband and wife, purchased the house in Memphis, Tennessee while Brewer was stationed near Memphis in the United States Navy. The couple, along with Mrs. Davis, resided in the house for approximately one year, until plaintiff Brewer was transferred. Thereafter, Mrs. Davis occupied the house alone until July 15, 1978. Brewer retired from the Navy in 1961 and, at the time of the fire, August 17,

1978, the Brewers were residing at Kingston, Tennessee, where they owned and operated a motel. Mrs. Davis had moved out of the house approximately 32 days prior to the fire and the house was being refurbished and repaired.

Brewer had maintained fire insurance on the house from the date of purchase but the first policy purchased from defendant was in 1971. Defendant initially issued a policy insuring the dwelling for a period of three years with a $12,000.00 limit of liability. The policy named insureds as Bucy D. & Sara Davis Brewer and W. F. Davis, ATIMA. Upon expiration of the first policy, defendant issued another for a three-year term commencing January 1, 1974, with coverage increased to $17,500.00. The named insureds were the same as in the original policy; however, the policy contained a condition not in the original policy: "the described premises is the only premises where the Named Insured or spouse maintains a residence other than business or farm properties....". In January, 1977, defendant issued a one-page renewal declaration extending coverage through January 21, 1978. The renewal declaration listed the Brewers and Mrs. Davis, ATIMA, as the named insureds and increased the coverage for the dwelling to $23,00.00. It contained the same condition as to residence as the 1974 policy. Defendant issued a renewal declaration with the same conditions in January, 1978, extending coverage through January 21, 1979, with coverage increased to $25,000.00. The named insured was listed "Bucy D. & Sara Davis Brewer & Mrs. W. F. Davis"; however, the letters "ATIMA" did not appear. Defendant did not call to the insureds' attention the change in conditions and Brewer testified he was not aware of the additional terms until he discussed the policies with his attorney after the loss.

Following the loss, the insureds claim was denied by defendant on the basis the Brewers did not occupy the house at any time during the policy period, which constituted a material misrepresentation as to the occupancy of the dwelling and Mrs. Davis had no insurable interest in the dwelling.

When suit was filed, defendant affirmatively raised the policy defenses and the trial judge, sitting without a jury, made the following findings:

[T]here is no evidence from which the court can find there has been an actual misrepresentation made by these parties. There is no application for insurance involved here in as far as proof is concerned.

The court, I suppose, is being asked to infer from the statement on the bottom of the declaration page that these plaintiffs did represent to the insurance company that they were maintaining this as their residence. The court cannot find in fact that any misrepresentation has expressly been made.

The court feels with the party plaintiff, Mrs. Davis, being named as an additional insured on the policy and on the fact that she lived there up until 1978, it is significant from that that the company would have to be aware that there was some unusual circumstances in this case. The court feels that there has been no material misrepresentation made that would in effect increase the loss under this particular policy with reference to the fire coverage and of course from the proof there has been no evidence that any tender of refunded premiums have been made.

Defendant contends Mrs. Davis made a factual misrepresentation to defendant's agent shortly after the first policy was issued. This contention is based on Mrs. Davis's testimony but we conclude from her testimony the defendant was chargeable with knowledge prior to expiration of the original policy that Mrs. Davis was the sole occupant of the dwelling. She testified:

Q. And, now, were you caring for the property during the time that they [the Brewers] were away?

A. Yes, yes.

Q. Did or not you have some furniture in the household?

A. All the furniture in there was mine.

Q. And, did you not have insurance on that furniture along with other insurance on the house?

*A.* Yes, sir.

*Q.* I will ask you if some time before the fire if an insurance agent from the defendant company didn't come to your home and look it over?

*A.* Yes, sir.

*Q.* Where all did he look around in the house?

*A.* Well, he just looked at the rooms and the yard and around.

*Q.* Did he make any pictures?

*A.* Yes, he made some pictures.

*Q.* I will ask you at that time if he didn't ask you who lived in the house?

*A.* Yes, sir.

*Q.* What did you tell him?

*A.* I told him that I lived there, that I was taking care of the place while Mr. and Mrs. Brewer were out of the city.

\* \* \* \* \* \*

*Q.* Have you ever in any way tried to misrepresent who lived in the house?

*A.* No.

*Q.* Or who owned the house?

*A.* No, I told them that Mr. and Mrs. Brewer owned the house and I was just living there taking care of it while they were out of the city.

*Q.* And, this was the insurance agent that you were talking to at that time?

*A.* Absolutely.

█ Defendant argues that Mrs. Davis's statements to the agent were misleading. Residency was not a condition of coverage at the time of the conversation but, if material, defendant was furnished sufficient information to be put up on inquiry as to the Brewers' residency. We find no material misrepresentation in Mrs. Davis's testimony.

Defendant forcefully argues the policy in force at the time of the loss established the rights of the parties and the warranty as to residency was breached by the Brewers.

█ When an insurance policy renewal is made, unless otherwise provided and called to the attention of the insured, the terms of the original policy become a part of the renewal contract of insurance. *See* 13A Appleman, *Insurance Law and Practice,* § 7648; 17 *Couch on Insurance* 2nd, §§ 64:40, 68:61. When renewing an insurance policy, the insurer must call attention to any changes in the terms and, if it fails to do so, such change is no part of the contract. Where the parties to a contract of insurance agree to a renewal, it is presumed that the same terms, conditions, premiums and subject matter obtain in the new contract as in the old. 13A Appleman, *supra,* § 7648. "An accurate definition of renewal cannot be made until it is first determined whether the renewal takes effect as an extension or continuation of the original policy or whether it represents the formation of a new although identical contract of insurance." 17 *Couch on Insurance* 2nd, § 68:2 at 659. Whether a renewal insurance policy is a new and independent contract or whether it is an extension or continuation of the original contract depends primarily upon the intention of the parties as ascertained from the instrument itself. *Lewis v. Western Assur. Co.,* 175 Tenn. 37, 130 S.W.2d 982 (1939); 17 *Couch, supra,* § 68:39.

█ Where a new policy is delivered, the insured is presumed to have consented to any new terms therein if the policy is retained without complaint and is not rejected until after a loss. 17 *Couch on Insurance* 2nd, 68:63 at 700. But courts of most jurisdictions notice the fact that it is customary for insureds to accept insurance policies without reading them. *See Henry v. Southern Fire & Casualty Company,* 46 Tenn.App. 335, 330 S.W.2d 18 (1958). And the mere failure to read a policy, especially if it is a renewal, is not such negligence as will defeat the right to reform the policy. *Id.* There is no evidence of the underwriting involved in producing the policies. Under the circumstances, the policies are simply renewal policies with periodic increases in coverages taking into account inflation. Accordingly, the defendant's insertion of a condition of residency in the renewal policies, without calling the fact to the insureds' attention, provides no basis to adjudge plaintiffs guilty of willful misrepre-

sentation or concealment that would vitiate the policy.

Moreover, we conclude Mrs. Davis had an insurable interest in the dwelling and her residency satisfied the policy condition. The Supreme Court addressed the requisites of an insurable interest in *Duncan v. State Farm Fire & Cas. Co.*, 587 S.W.2d 375 (1979), at page 376, where Chief Justice Brock stated:

We have for many years in this State followed the principle that one has an insurable interest in property if by its continued existence he will gain an advantage, or if by its damage or destruction he will suffer a loss, whether or not he has any title in, lien upon or possession of the property. *Cherokee Foundries v. Imperial Assur. Co.*, *supra* [188 Tenn. 349, 219 S.W.2d 203, 9 A.L.R.2d 177 (1949)]; *Pappas v. Insurance Co. of State of Pa.*, 54 Tenn.App. 633, 393 S.W.2d 298 (1965); *Isabell v. Aetna Insurance Company, Inc.*, Tenn.App., 495 S.W.2d 821 (1971). This principle was further liberalized by our decision in *American Indemnity Co. v. Southern Missionary Col.*, 195 Tenn. 513, 260 S.W.2d 269, 39 A.L.R.2d 714 (1953) in which it was held that it was not necessary to show for a certainty that the insured would sustain economic injury from loss of the insured property but that it was sufficient that loss of the property might subject the insured to such injury. These holdings are in accord with the decisions of other courts throughout the country. *See*, 43 Am.Jur.2d *Insurance* § 466 (1969); 44 C.J.S., *Insurance* § 175 (1945).

*Accord*: 44 C.J.S., *Insurance*, § 175b., 3 *Couch*, *supra*, § 24:13; 6 Appleman, *supra*, § 2123.

■ One having the care and custody or possession of property for another without liability and without any pecuniary interest in the property may nevertheless obtain insurance on the property for the benefit of the owner. *American Indemnity Co. v. Southern Missionary Col.*, 195 Tenn. 513, 260 S.W.2d 269 (1953); *Baird v. Fidelity-Phenix Fire Ins. Co.*, 178 Tenn. 653, 162 S.W.2d 384 (1942). "Any interest in property, legal or equitable, qualified, conditional, contingent, or absolute, or merely the right to use the property, with or without the payment of rent, is sufficient...." 3 *Couch*, *supra*, § 24:13 at 88. *See also* 3 *Couch*, *supra*, § 24:78.

■ On the foregoing principles, Mrs. Davis had an insurable interest in the dwelling. Defendant was on notice Mrs. Davis had an interest in either the dwelling or its contents. She was listed as a named insured followed by the letters ATIMA. These letters, in a fire policy, mean "as their interest may appear".[1]

The judgment of the trial court is affirmed with costs incident to the appeal assessed against defendant and the cause is remanded to the trial court.

SANDERS and GODDARD, JJ., concur.

---

1. "In a fire policy, the use of the phrase 'as interest may appear' authorizes the insured, in case of loss, to show what his interest was; even though not the owner, he may recover on showing insurable interest, though a policy condition states that the contract will be avoided by not stating the interest truly. Likewise, such expression serves immediate notice upon the insurer that the insured's interest is not sole or unconditional."
4 Appleman, *supra*, § 2469 at 562.