**In re Charles M. McNEIL, Debtor.**

**CASSEL BROS., INC. and Charles M. McNeil, Plaintiffs,**

v.

**CRUMP ASSOCIATES, a Division of E. H. Crump & Co., Defendant.**

**Bankruptcy No. 3-80-01159.**

**Adv. No. 3-81-0049.**

United States Bankruptcy Court, E. D. Tennessee.

Oct. 7, 1981.

John S. McLellan, Jr., Joseph O. Fuller, and I. T. Collins, Jr., Kingsport, Tenn., for plaintiffs.

Frank K. Moore, and Robert L. Arrington, Kingsport, Tenn., for defendant.

## MEMORANDUM AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

CLIVE W. BARE, Bankruptcy Judge.

At issue in this proceeding is whether an agreement executed between the plaintiff, Cassel Bros., Inc., and the defendant's principal, United States Fidelity & Guaranty Company, should be declared null and void and a judgment for damages entered in favor of the plaintiffs. The defendant, Crump Associates, has moved for summary judgment on the grounds that there are no issues of material fact with respect to the plaintiffs' claim.

I

Cassel Bros., Inc., a Tennessee Corporation, has operated as a construction contractor with its office and principal place of business in Kingsport, Tennessee. Charles M. McNeil is the president and principal stockholder of Cassel Bros.

United States Fidelity & Guaranty Company (USF&G) issues payment and performance bonds for building contractors. USF&G issued several bonds for Cassel Bros. On August 1, 1973, Cassel Bros. and Charles McNeil entered into an indemnity agreement (Master Surety Agreement) with USF&G under which they agreed to indemnify USF&G against liabilities and losses incurred by USF&G by reason of the execution of payment and performance bonds on behalf of Cassel Bros.

13. See footnote 10 *supra.*

Crump Associates, an insurance agency located in Knoxville, Tennessee, executes bonds for USF&G and other companies. Beginning in 1978 Cassel Bros. obtained insurance, both general insurance and bonding, through Crump Associates. In 1978 and 1979 Crump Associates executed payment and performance bonds for USF&G on five projects in which Cassel Bros. was the general contractor.

In the fall of 1979 Cassel Bros. realized that construction of a project in Norton, Virginia, had not been performed according to specification. Also, Cassel Bros. began experiencing cash flow problems.

In January 1980 McNeil informed Tom McCarley, an insurance agent with Crump Associates, that Cassel Bros. was encountering cash flow problems because of problems with the Virginia projects. McNeil informed McCarley that without financial assistance Cassel Bros. would be unable to continue in operation. McCarley stated that McNeil then asked whether assistance could be obtained from USF&G. McCarley advised McNeil to explain the problem to USF&G in the most exact terms possible. McNeil then asked McCarley to assist him in writing a letter to USF&G. On January 9, 1980, McNeil drafted a letter to USF&G, c/o Tom McCarley, and referred to Cassel Bros.' "serious cash flow problems"; further, that Cassel Bros. required financial assistance to continue operations. USF&G was requested to provide such assistance.

Responding to the letter, Ed Kirsch, a senior examiner in USF&G's Fidelity Surety Claim Division in Baltimore, Maryland, and Don Beasley, Superintendent of claims in USF&G's Nashville, Tennessee, office, went to Kingsport, Tennessee, to evaluate the situation. In addition, other persons experienced in the construction business were contacted by USF&G to examine the projects bonded by USF&G. After USF&G reviewed Cassel Bros.' records and the projects involved, and after conferences between the parties, McNeil on January 17, 1980, signed a letter turning over the five jobs in question to USF&G.

On March 1, 1980, Cassel Bros. and McNeil initiated proceedings against Crump Associates in the Chancery Court for Sullivan County at Blountville, Tennessee.[1] Plaintiffs maintained that they were coerced by defendant's principal, USF&G, to execute the letter which resulted in valuable contract rights being surrendered. According to plaintiffs, McNeil signed the letter after the defendant and USF&G threatened to induce a default by HUD, which had supplied the funds for several of the projects in question. Plaintiffs asserted they were unable to continue their business because the projects were turned over to others by USF&G and because of "Defendant's general representations throughout the contracting community ... which ... operated to deprive Plaintiff ... of a bonding source." Plaintiffs requested that the January 17, 1980, letter be declared void. In addition, plaintiffs sought judgment for the amount of damages to be proved at trial.

Defendant, Crump Associates, moved for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure,[2] insisting there were no issues of material fact with respect to the defendant in that all of the acts upon which the complaint was based were the alleged acts of USF&G rather than Crump Associates.

On September 8, 1980, USF&G filed an involuntary petition in bankruptcy against McNeil, 11 U.S.C. § 303, and after trial, the bankruptcy court granted an order for relief, 11 U.S.C. § 303(h). Upon appeal, the order for relief was affirmed by District Judge Neese.

While the involuntary petition was pending, Crump Associates removed the chan-

1. Cassel Bros. and McNeil also instituted an action against USF&G. That action was removed to this court and is presently pending.

2. "A party against whom a claim, counter-claim, or cross-claim is asserted or a declarato-

ry judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Tenn.R.Civ.Proc. 56.02.

cery court action to this court. 28 U.S.C. § 1478(a), Interim Bankruptcy Rule 7004.[3] The matter is now before this court on defendant's motion for summary judgment.

## II

A motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, is properly granted when there are no genuine issues of material fact to be disposed of at trial.

"The purpose of our summary judgment rule is to expeditiously determine cases without necessity for formal trial where there is no substantial issue of fact and is in the nature of an inquiry to determine whether genuine issues of fact exist. If no factual dispute exists and the complaint does not state a cause of action, it should be disposed of by summary judgment rather than exposing the litigants to unnecessary delay, work and expense in going to trial when the trial judge would be bound to direct a verdict in movant's favor after all evidence is adduced." *Chambers v. United States*, 357 F.2d 224, 227 (8th Cir. 1966).

*See* 10 Wright & Miller, Federal Practice and Procedure: Civil § 2712 (1973).

After examining the depositions filed by Crump Associates in support of the motion for summary judgment, specifically the deposition of McNeil, the court concludes that McNeil brought an action against Crump Associates solely because of its agency relationship with USF&G. The acts upon which the complaint is based are the acts of USF&G, not the acts of Crump Associates.

It is clear that Crump Associates' involvement is limited to the advice given by Tom McCarley regarding McNeil's letter of January 9, 1980. According to McNeil, he asked McCarley how to get assistance from USF&G so that Cassel Bros. could continue in business. McCarley advised that the only way to get assistance would be for McNeil to write USF&G informing them of the situation.

In his deposition, McNeil admitted that Crump Associates did not act improperly with regard to the January 9 letter:

"Q. You did this [wrote the letter] on your own initiative and your own desire as the chief executive officer of—

A. I did this as a recommendation by a Crump representative who said, 'this is the way to get them in there, and they won't come unless you request them.'

Q. Now do you feel that Crump did anything wrong in abiding by your request?

A. Absolutely not.

Q. So you're not faulting them; you're not suing them for assisting you or for giving you an idea how to call on USF&G?

A. No."

Deposition of Charles M. McNeil, pp. 47, 48.

McNeil's deposition also indicated Crump Associates had no part in the subsequent actions of USF&G and McNeil. No representative of Crump Associates was present at the conferences involving Ed Kirsch and McNeil, including the conference at which the January 17 letter was drafted. Deposition pp. 34, 35. An action was filed against Crump Associates not because of its acts but because McNeil concluded that "I had dealt with Crump Associates totally in all my dealings and direct dealings ... they represented USF&G and as far as I'm concerned they are both one and the same." Deposition p. 71.

While there is a dispute as to USF&G's investigation of the financial affairs of Cassel Bros. and the subsequent takeover of the construction projects, the court con-

---

**3.** "Removal to the bankruptcy courts.

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action." 28 U.S.C. § 1478(a).

cludes the dispute involves only Cassel Bros., McNeil, and USF&G. Even though Crump executed the bonds in USF&G's name, Crump was acting only as USF&G's agent. When a contract is signed by an agent for a disclosed principal, the agent may not be held liable on the contract unless personal liability was intended. *Lake City Stevedores, Inc. v. East West Shipping Agencies, Inc.*, 474 F.2d 1060 (5th Cir. 1973); *Hammond v. Herbert Hood Co.*, 221 S.W.2d 98 (Tenn.Ct.App.W.S.1948); *Brown v. Mays*, 241 S.W.2d 871 (Tenn.Ct.App.M.S.1949).

Crump Associates' motion for summary judgment is granted.

IT IS SO ORDERED.